### KILLIAN v CLEVELAND RY CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10802.  Decided Dec 15, 1930

Newcomb, Newcomb & Nord, Cleveland, for Killian.

Squire, Sanders & Dempsey, Cleveland, for Ry Co.

VICKERY, PJ.

It seems that the plaintiff and Turk were very close friends and were almost inseparable companions.  Turk apparently was very much interested in the plaintiff's lawsuit and was on the train or car with her

when the alleged injury is supposed to have taken place, and he had just alighted from the car when, it is claimed, she attempted to alight and was injured in the manner described in the petition.

No claim was made at the time for any injury nor did she complain to the conductor nor to anybody in charge of the train or car that she had been injured. Subsequently, not very long I guess afterwards, she made a claim to the Street Railway for damages, which claim was refused: whereupon she brought the action.

Plaintiff's testimony is not very convincing that she was even hurt at all, nor is there any very convincing evidence in the record that she was hurt; but the gravamen of the claimed error is that Frank Turk when upon the witness stand having been shown to have a considerable interest in the young lady and necessarily in the outcome of her lawsuit, was interrogated for the purpose of testing his credibility, whether or not he had ever pleaded guilty to, or been convicted of, a violation of any of the liquor laws, to which he answered, "No". Then specific instances were put to him and he answered, "No," to each one saying that it must have been some other man living at that place and who gave his name, that it was not he, and the questions were pursued and definitely put to him as to the various times that he had been convicted and suffered the penalty in the workhouse or by fine, and he denied each and everyone of them categorically.

After Turk got through testifying and the defendant had its inning in the trial, the record of the Police Court was brought in by a policeman to whom it was given in custody by the Clerk of the Court for that purpose,—and he apparently knew Turk,— who testified to the truth of the fact that was implied in the question put to Turk when he was on the witness stand in cross examination. Objection was made to this on the ground that under the case of **Harper v State, 106 Oh St, 481**, it was not proper to impeach in that way. The judge apparently being familiar with the doctrine laid down in that case made some inquiries and overruled the objection. The objection was not made on the ground that it was a collateral issue and therefore they could not impeach but were bound by his answer; but was on the ground that one cannot ask a man if he ever was convicted of a **misdemeanor,** and if he denied it, one cannot contradict that and make it the basis of an impeachment. Well, the fact of it is that Harper v State, supra, holds just the reverse of that. That case goes on to say that if one were convicted for a misdemeanor under a **State law,** then he may be interrogated.

Now, of course, in the instant case, the offense that Turk was convicted of in the Police Court in the City of Cleveland might have been either under an Ohio statute, or it might have been under a City ordinance. If it was under the Ohio statute, the interrogations as to his conviction were perfectly proper. If, however, it was under an ordinance, under the authority in **106 Oh St** supra, it would not have been proper. Nothing in this record shows but what it was under a State statute. It was the duty, if it was not under a State statute but under a City ordinance, for the attorney representing the plaintiff in the case below, to have stated what his objection was. But as stated to the court his objection was simply upon the ground of its being a misdemeanor and he backed that up by the **106 Oh St** supra, which clearly permits such cross examination as was allowed in the instant case, and if the witness denies that he ever was convicted for violating such a law, even though a misdemeanor, the witness might be impeached by proving the truth of the fact and it was not a collateral matter. Now in this record we will have to assume that the court below knew what he was doing. Apparently, inasmuch as he remembered the case in the **106 Oh St** supra, and was willing to abide by his memory, he knew very well what he was doing, and so admitted the testimony, and we cannot say as this record stands that there was any error in the court's admitting it. In other words, if these prosecutions were under a City ordinance, it was the duty of the counsel representing the plaintiff to have pointed out to the court why his objection should be sustained for, as already stated, prosecutions for violations of the liquor law might be under the State law, and might be under a City ordinance. This court knows that the ordinance in which liquor violations were prosecuted were at one time declared unconstitutional by this court; and at that time if there were any prosecutions, they were under the State law, and either before it was declared unconstitutional or since the new ordinance was passed, the officers in charge of the enforcement of law might either bring a prosecution for a liquor violation under the Ohio statutes or under the ordinances of the City of Cleveland. In both cases the Police Court or the Criminal Branch of the Municipal Court has jurisdiction, and in case that it was brought under the Ohio statute, the rule laid down in the **106 Oh St** supra would govern, and so far as we know,

those prosecutions were under the Ohio statute.

No other error being claimed in this record, we can do nothing but affirm the judgment of the court below.

As already stated, the jury apparently did not put much confidence either in the plaintiff or her star witness, Mr. Turk, apparently thinking that if she had been much hurt, the conductor and those in charge of the car would have known about it.

Another question might have been in their minds: If she had suffered a severe injury or claimed injury in an automobile accident, which the record shows she did, and the same Frank Turk was her attendant on that occasion and, I believe, one of her witnesses, apparently the jury got the idea that she was trying to charge up to The Cleveland Railway Company the injuries which she may have suffered at some prior time.

On the whole record, we can do nothing but affirm the judgment.

The judgment will, therefore, be affirmed.

LEVINE and WEYGANDT, JJ, concur.