**STATE, Plaintiff-Appellee, v. LIFF, etc., Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1971.   Decided December 10, 1948.

Hon. Hugh S. Jenkins, Atty Genl., Frederick L. Orum, Asst. Atty Genl., Robert E. Hall, Special Counsel, Columbus, for plaintiff-appellee.

Froug & Froug, Dayton, for defendant-appellant.

## OPINION

By THE COURT:

This is an appeal on law from the Common Pleas Court of Montgomery County, Ohio, which entered a judgment on verdict returned in favor of the plaintiff-appellee in the amount of $227.21 as compensation for injuries sustained by Christine Schmitz on May 13, 1942, while employed as a waitress in a cafe owned and operated by defendant-appellant, J. Abe Liff.

The defendant not being a contributor to the State Insurance Fund, this action was instituted in the name of the State under the provisions of §1465-74 GC after an award in favor of the claimant had been made by the Industrial Commission of Ohio.

The defendant assigns as error that the verdict and judgment is against the manifest weight of the evidence; that the court erred in refusing to direct a verdict for the defendant; and, for the admission of evidence over objection prejudicial to the defendant.

The defendant contends that the injury was not sustained in the course of employment. The Industrial Commission on a rehearing found that the injury was sustained in the course of employment and such finding is prima facie evidence of the truth of such fact. Sec. 1465-74 GC. Unless overcome by sufficient evidence the finding of the commission will support the verdict.

The defendant introduced into the evidence the original application in which the applicant stated that the injury was sustained when a patron struck at her and grabbed her causing her to lose balance and fall to the floor causing her to receive a sprained ankle and twisted hip and knee, and, also, the first order of the commission denying an award on

the ground that the injury was not sustained in the course of or did not arise out of her employment. On a rehearing before the commission, and upon trial of the case in the Common Pleas Court, the claimant testified that the altercation between her and the patron had ended and that as she turned to perform her duties as a waitress she slipped on the floor which was wet. The claimant was thoroughly cross-examined regarding the altercation which had taken place immediately before the injury. On this issue, which was the principal issue in the case, the evidence was in conflict. The evidence presented a proper case for submission to the jury. The jury resolved this issue against the defendant. We can not say that the verdict and judgment was against the manifest weight of the evidence.

On cross-examination a witness for the defendant was required over objection to answer whether he had ever been convicted of a crime. This evidence was admissible to test his credibility. Over objection the witness was required to answer how often he had been convicted of a crime. Cross-examination of a witness not relevant to the issue rests in the sound discretion of the court, and a judgment will not be reversed unless it appears from the record that such discretion has been abused to the prejudice of the party complaining. Volume 42 O. Jur. pages 335, 365; **Kornreich v. Industrial Fire Ins. Co., 132 Oh St 78; Smith v. State, 125 Oh St 137; Kereney v. State, 109 Oh St 64; Hanoff v. State, 37 Oh St 178; Wroe v State, 20 Oh St 460.** In our opinion the court did not abuse its discretion and prejudicial error was not committed.

Finding no error in the record the judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.