**STATE, Plaintiff-Appellee, v. POLHAMUS,
Defendant-Appellant.**

Ohio Appeals, Second District, Miami County.

No. 457.   Decided May 21, 1951.

**114**

James H. DeWeese, Pros. Atty., Piqua, for plaintiff-appellee.
Scharrer, Scharrer & Hanaghan, Dayton, for defendant-appellant.

## OPINION

By MILLER, J:

This is a law appeal from the judgment of the Common Pleas Court finding the defendant, Clifford Polhamus, guilty of the charges of kidnapping and rape. He was also indicted for theft, which charge was dismissed. A jury was waived and at the defendant's request he was tried by a three judge court.

The errors assigned are as follows:

1. Said decisions of the Court are contrary to law.

2. Said decisions are against the manifest weight of the evidence.

3. For admitting improperly in many instances throughout the trial, as shown by the record, testimony and evidence on behalf of the plaintiff-appellee, prejudicial to his rights and excepted to, by his counsel.

4. For admitting evidence on behalf of the plaintiff-appellee objected to by counsel for the defendant-appellant, the Court reserving its decisions on such objections but permitting the testimony to be introduced, thereby causing prejudicial error to him.

5. By permitting the prosecuting attorney direct examination, cross-examination and re-direct examination of many witnesses on many collateral matters objected to by counsel for the defendant-appellant and prejudicial to his rights.

6. That the venue of the alleged crimes has not been established by proof beyond a reasonable doubt.

7. The decisions of the Court are contrary to the evidence.

8. That there is an absolute failure of proof of the alleged crimes of rape and kidnapping in these cases.

9. That the decisions of the Court are the result of extraneous information disclosed to it and not in the record in these cases, therefore prejudicial to his rights to a fair trial.

10. That the decisions of the Court are not sustained by sufficient evidence.

11. For all other errors apparent on the face of the record prejudicial to the rights of the defendant-appellant in both cases and excepted to by his counsel.

The appellant's assignments of error Nos. 2, 7, 8 and 10 will be overruled for the reason that an examination of the record discloses that substantial evidence was offered by the State in support of all of the elements of the crimes of rape and kidnapping, which evidence was of sufficient probative value to sustain his conviction. The prosecuting witness testified in detail as to facts which were sufficient to establish all of the essential elements of the crimes of kidnapping and rape. She was supported in her testimony by Paul McDorman, who was jointly indicted for the same three offenses, and who was an active participant in the entire transaction, either as a principal or aider and abettor. She was also supported in the rape charge by her own declarations made immediately thereafter and which were admissible as a part of the res gestae; by medical testimony and also the surrounding circumstances incidental to the automobile ride through the country. If credence were given to all of these facts it certainly could not be said that the evidence was insufficient to sustain the judgment.

It is urged by the appellant that the venue of the crime was not established by the proper degree of proof. On this question also there was conflict in the testimony which made it a factual question for the determination of the trial court.

Assignments Nos. 3, 4 and 5 all relate to the improper admission of evidence and will, therefore, be jointly considered. The record reveals that immediately upon her return home the prosecuting witness related to her husband facts concerning the criminal assault; that within an hour she was in a hospital where she made certain statements to the examining physician and to the sheriff. It is claimed by the appellant that all of this testimony was incompetent, improper and prejudicial. This evidence was properly admitted only for the purposes of corroboration and not as substantive proof of the crime. In **Harrison Johnson v. The State, 17 Ohio, 593,** the syllabus provides:

"In a prosecution for rape, the declarations made by the

injured female as to the transaction, immediately after the offense was committed, may be given in evidence to sustain her testimony given in the court, but not as substantive testimony to prove the commission of the offense."

At page 595, Hitchcock, J., says:

"If such testimony were to be entirely excluded when offered on the part of the prosecution, it would be extremely difficult to convict in any case. For, as a general rule, it would be dangerous to convict, unless immediate complaint was made by the female, to her friends or others. And that such complaint was made, and the substance of it, ought not to be withheld from the jury."

See **State v. Lasecki, 90 Oh St 10** at **page 20.** See also **34 O. Jur. 911.**

It is urged also that the Court erred in permitting Charles Goode, who was jointly indicted and previously convicted on all three counts, and who testified on behalf of the defendant, to be cross-examined concerning his arrest and conviction for having defaced auto license plates on his car, for failure to register his car and for permitting an unlicensed operator to operate his car. It will be noted that these questions all related to misdemeanors and not felonies. The question presented is whether the credibility of a witness may be tested by such a cross-examination. We are of the opinion that the court did not err in its ruling.

In **Harper v. State, 106 Oh St 481,** the court held such evidence to be admissible. At page 484 Judge Wanamaker says:

"One of the big questions that every jury has to determine, where there is a conflict of material facts, is the credibility of the witnesses who testify before them. What is their character; their reliability for truth? What is their interest or bias, if any, in the cause on trial?

"In order to aid the jury and the judge in determining this question, to enable them to rightly and justly weigh the evidence, large latitude has been allowed in the cross-examination of those who are particularly interested in the result of a verdict or judgment, and, in all such cases, convictions of high crimes and misdemeanors, convictions of crimes under state and federal laws, have been considered by courts as competent when limited solely to the credibility of the witness, unless, of course, they bear some causal connection to the crime charged in the indictment upon which the instant trial is proceeding; or unless competent in chief to prove some specific intent."

See also **State v. Carter, 75 Oh Ap 545; Killian v. Cleveland Railway Co., 10 Abs 14.** Since the court may permit counsel

a wide degree of latitude in testing the credibility of a witness, we find no error in the cross-examination of this witness with reference to the Elk's card he had in his possession or as to his purchase of a certain piece of real property. Even if this were improperly admitted, it could not have been prejudicial as it was in no way connected with either of the offenses charged.

The record also reveals that one Henry Grise testified on behalf of the defendant as a character witness. Upon cross-examination he was asked, over objection, whether or not he knew that the defendant was arrested in 1945 for petit larceny, and in November of 1949 for kidnapping. He was also asked whether he knew that the defendant carries a gun, if he knew he was arrested in 1948 for fighting in the Doghouse Restaurant, and that the defendant had been arrested for numerous specific traffic violations. It will be observed that on page 350 of the record the witness testified as to the defendant's good reputation for peace, quietness and morality. The questions on cross-examination it will appear were germane to the issue raised on the direct examination and it became appropriate to inquire as to whether the witness' knowledge concerning facts on which he based his conclusions.

In Zeltner v. State, 13 O. C. C. (N. S.) 417, the third syllabus provides:

"A witness called by the accused to testify as to the reputation of the accused as a quiet, peaceable citizen may be asked on cross-examination if he had not heard of instances of trouble the accused has had with his neighbors."

We think it proper that a character witness may be cross-examined as to the ground of his knowledge or opinion, such as his acquaintance, with the person as to whose reputation he has testified, his opportunities for acquiring information, the number and names of those whom he has heard speak of him and what they said, and how long and how generally favorable reports have prevailed. In 58 Am. Jur. 363, it is said:

"A character witness for an accused may be questioned upon cross-examination with reference to his knowledge of the arrest or accusation of the accused for a crime, or as to whether he had heard of a previous conviction of the accused. So, too, the witness may be questioned to show his want of knowledge that the defendant was a regular violator of certain laws, or as testing the witness, to show that he did not regard the violations as a matter of impeachment."

We find no prejudicial error in this cross-examination.

The record reveals that the trial court was extremely liberal with the defendant as well as the State in the admission of

evidence, but not to the extent that the same was prejudicially erroneous. Since the case was tried before three judges and not before a jury a greater degree of liberality is permissible. This Court said, in **State v. Mason, 85 Oh Ap 186,** at **page 189**:

"It has been held that where a trial is had before the court without a jury, the admission of incompetent evidence does not necessarily constitute reversible error; especially is this true where the incompetent evidence is not considered by the trial judge or if there was sufficient competent evidence to support the judgment. **2 O. Jur (Pt. 2), 1278, Section 687;** 3 American Jurisprudence, 583, Section 1037. It has been held that a conviction in a criminal case tried without a jury will not be reversed on appeal for admission of improper evidence unless prejudicial error is apparent. 3 American Jurisprudence, 595, Section 1041. (Cases cited.) In Ohio it has been held that greater freedom is afforded the court than the jury in hearing incompetent evidence."

We find nothing in the record to support assignment of error No. 9 to the effect that the decision of the court was the result of extraneous information and not based upon the record. It is our conclusion that this defendant received a fair and impartial trial, free from any prejudicial error, and the judgment will therefore be affirmed.

HORNBECK, PJ, WISEMAN, J, concur.