MITCHELL, ADMR., APPELLEE, *v.* REINHARDT, D. B. A.
REINHARDT TRUCKING, APPELLANT.[*]

(No. 260—Decided June 3, 1960.)

*Mr. Woodson T. Wood* and *Miss Dorothy Kennedy,* for appellee.

*Mr. Bud West* and *Mr. Arch R. Hicks, Jr.,* for appellant.

COLLIER, J. This is an appeal on questions of law from a judgment in favor of the plaintiff, appellee herein, rendered on a verdict of a jury in the Common Pleas Court of Brown County. The action was instituted by Gerald Mitchell, administrator of the estate of Beverly Jan Mitchell, against the defendant, appellant herein, asking damages for the wrongful death of decedent who was his eighteen-month-old daughter. For convenience, the plaintiff-appellee will be referred to as the plaintiff and the defendant-appellant will be referred to as the defendant.

Defendant's motion, at the close of plaintiff's case and at the close of all the evidence, for a directed verdict in favor of the defendant was overruled. Also, defendant's motion *non obstante veredicto* and his motion for a new trial were overruled.

The principal error complained of is that the verdict and judgment are not sustained by sufficient evidence and are against the weight of the evidence and contrary to law. The

---

*Motion to certify the record overruled, December 21, 1960.

defendant contends there is no evidence to establish any negligence by the defendant.

The one act, or omission, of negligence alleged in the petition is that the defendant's agent or employee, William Allen, the operator of defendant's truck, failed and neglected to keep a proper lookout to ascertain the presence and position of the child after he saw, or by the exercise of ordinary care should have seen, the presence and position of the child.

The defendant, in his amended answer, admits the appointment and qualifications of the plaintiff as administrator of decedent's estate, the ownership of the truck, the agency of the operator of the truck, and that decedent's death resulted from injuries received when she was struck in the barnyard by defendant's truck; but defendant denies any act, or omission, of negligence on his part. As a second defense, defendant alleges that the parents of the decedent were guilty of contributory negligence.

The factual situation may be summarized as follows: On May 18, 1957, Beverly Jan Mitchell, the decedent, a healthy, bright and intelligent, eighteen-month-old girl, lived on a farm about four-tenths of a mile from a public road with her parents and two sisters and a brother, all small children; that the Mitchells sold milk from the farm, which was delivered to the market by the defendant, using for that purpose a two ton 1956 Chevrolet truck approximately twenty feet in length, its chassis twenty inches from the ground; that on May 18, 1957, and for three months prior thereto, defendant's truck was driven daily to the Mitchell farm by the same operator, William O. Allen, an employee of the defendant; that Allen knew the Mitchell family, including the children, and was familiar with the premises; that on that date at about 8 a. m. Mrs. Mitchell and the four children were in the barn near the house when the milk truck approached the barnyard along a private lane; that Allen, the truck driver, saw Mrs. Mitchell take the children from the barn into the house; that he backed the truck up to within about three feet of the milk house and proceeded to unload the empty cans and load the full cans of milk into the truck, which required about five minutes; that he then entered the cab of the truck on the driver's side, which was the side of the truck away from the house; that he looked in front and on both sides of the drive-

way but did not look directly in front of or on the opposite side of the truck for any obstruction; that, after he had moved forward an estimated distance of twenty-five or thirty feet, he heard a faint "yap," such as a kitten would make, and stopped the truck immediately, turned off the motor and got out; that he found the dead body of the child about ten feet behind the left rear wheel of the truck; that the child's skull had been crushed by the wheel of the truck, killing her instantly; that there is some conflict in the evidence as to the distance the truck had been moved from the milkhouse to the point where the child was struck, varying from thirty-seven to fifty-three and a half feet; that the distance from the house to the point where the child's body lay was ninety feet; and that Mrs. Mitchell, who was in her kitchen some ninety feet away, heard the child scream and ran to the scene.

No cases are cited by counsel that are directly in point with the facts in this case and, after considerable research, we have been unable to find a parallel case. Therefore, in reaching our conclusion as to the weight of the evidence, we may be guided only by the general principles of the law of negligence as it applies to the facts in this case.

The duty to use ordinary care is measured by the exigencies of the occasion and depends upon the circumstances and the parties involved in each particular case. As stated in 38 American Jurisprudence, 670, Section 24, "If there is some probability of harm sufficiently serious that ordinary men would take precautions to avoid it, then failure to do so is negligence." The same authority (38 American Jurisprudence, 685, Section 40) in discussing the degree of care required of adults toward children reads:

"The infancy of the plaintiff in a negligence action does not supply the place of negligence on the part of the defendant. However, a child's age and lack of capacity to appreciate peril, where such facts are known or should be known to one who comes in contact with the child, are important in determining whether he is negligent toward the child. More care must be exercised toward children than toward persons of mature years. Children of tender years and youthful persons generally are entitled to care proportioned to their inability to forsee and avoid the perils that they may encounter, as well as the superior knowl-

edge of persons who come into contact with them. The duty to avoid doing them an injury increases with their inability to protect themselves, and with their childish indiscretions, instincts and impulses. * * * In all cases, the caution required is according to the nature and caprice of the child—a matter to be determined in each case by the circumstances of that case. * * *''

And 5A American Jurisprudence, 505, Section 436, reads:

''The driver of a motor vehicle must be especially careful to avoid injury to children whose presence he is or should be aware of. While he is not an insurer against injuries to children from the operation of the car, he is required to exercise greater care toward children than toward adults, this greater care is, in one sense, but 'ordinary' care, namely, that degree of care which a man of ordinary prudence would exercise under the circumstances.

''A motorist who knows or should know that children may be reasonably expected to be in the vicinity must anticipate childish conduct. * * *''

To the same effect, see 6 Ohio Jurisprudence (2d), 437, Section 216.

The record discloses that the operator of the truck had made daily trips to this farm for a period of three months prior to this accident; that he knew of the presence of the children in and about the house and barnyard; that he saw the children on the morning of the accident; and that he did not look closely in front of the truck, under it or on the opposite side of it before moving forward. The driver testified that from his seat in the cab he could not see closely and directly in front of the truck. Certainly, such an investigation by the operator of the truck would have disclosed the presence of the child in close proximity to the truck and this would have avoided the accident. Was this degree of care required of the operator of the truck under these circumstances? By their verdict for the plaintiff, the jury answered this question in the affirmative. Under the rules of negligence as above set forth, we cannot say, as a matter of law, that the verdict is not supported by sufficient evidence.

Since there was no eye witness to the accident, the exact manner in which the truck struck the child is not known, but the fact remains that had the operator of the truck taken proper precautions, under the circumstances, probably the accident

would not have occurred. Civil suits are determined on probabilities. The facts clearly presented the question whether the operator of the truck exercised ordinary care to avoid harm to the child under the circumstances.

The other errors complained of relate to the trial court's overruling defendant's motion for a directed verdict, defendant's motion for judgment notwithstanding the verdict, defendant's motion for a new trial, misconduct of plaintiff's counsel in making improper statements to the jury, alleged error in the court's charge to the jury, and that the verdict was excessive and rendered under the influence of passion and prejudice.

We have fully considered each of these assignments of error and find nothing in the record relating thereto upon which to base a reversal of the judgment. The jury returned a verdict for the plaintiff in the sum of $4,500 which, in our opinion, is not excessive to the point of requiring a reversal. The record does not show any indication that the jury rendered its verdict under the influence of passion or prejudice.

There being no substantial error in the record, the judgment is affirmed.

*Judgment affirmed.*

GILLEN, P. J., and RADCLIFF, J., concur.