JAMES, ADMR., APPELLEE, *v.* FRANKS, A MINOR, ET AL., APPELLANTS.

(No. 3204—Decided April 2, 1968.)

*Messrs. Smith & Schnacke* and *Mr. Samuel A. McCray,* for appellee.

*Messrs. Curtner, Selva, Parkin & Seller* and *Messrs. Scharrer & Scharrer,* for appellants.

KERNS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Montgomery County entered upon a jury verdict for the plaintiff, appellee herein, in the amount of $4,872.69.

The action was commenced by William T. James, administrator, to recover damages against Sandra Lee Franks, Harold A. Gabbard, Vivian Hayes and Ethel Snider for injuries received by and the wrongful death of Daniel Ray James, a minor ten years of age, arising from an accident which occurred on January 25, 1962.

At the conclusion of the case, the trial court sustained a motion dismissing Vivian Hayes as a defendant. Thereafter, the jury returned a verdict against the defendants Harold Gabbard and Sandra Franks and found in favor of the defendant Ethel Snider.

The accident occurred on Olive Road which extends in a northerly and southerly direction through a residential area which has no sidewalks. At or about the time of the accident, the decedent, along with three other boys, alighted from a northbound school bus driven by Ethel Snider while it was stopped at a double drive on the east side of Olive Road about 115 feet south of Mantz Drive.

After the bus had moved some distance toward the Mantz Drive intersection, the James boy proceeded from behind the bus across to the west half of Olive Road where he was struck by a southbound car owned by Vivian Hayes which was in charge of her son, Harold Gabbard, and being driven by Sandra Franks.

The first assignment of error is that "the court erred in overruling the motions of defendant, Harold Gabbard, to be dismissed as a party defendant and for judgment *non obstante veredicto.*"

The fundamental principles applicable to any such motions are well known to counsel in this case. See *Culp*

v. *Federated Stores, Inc.*, 11 Ohio App. 2d 165. Suffice it to say, therefore, that such motions have the nature of a demurrer to the evidence and do not involve the weight of the evidence.

The evidence discloses that Gabbard, twenty-five years of age, was driving a 1955 Chevrolet automobile; that he met Sandra Franks, fifteen years of age, at the Hasty Tasty Restaurant; that Sandra Franks requested permission and was allowed to drive the car while accompanied by Harold Gabbard; that Sandra Franks was unlicensed to drive a vehicle and unqualified to obtain a license; that her lifetime driving experience consisted of driving approximately 30 miles; and that she had never driven the 1955 Chevrolet and drove it only two miles prior to the time of the accident. The evidence discloses further that Gabbard made no inquiry as to the age of Sandra Franks, as to whether she was competent to drive, or as to whether she was licensed to drive on Ohio highways.

Upon this evidence, the jury could reasonably find that Gabbard was in violation of Section 4507.31, Revised Code, which provides a prohibition against permitting minors to operate vehicles. See *Wery* v. *Seff*, 136 Ohio St. 307.

However, the question of whether the negligent entrustment of the vehicle was a proximate cause of the accident depends upon the conduct of the driver, Sandra Franks. The second assignment of error is that "the court erred in overruling the motions of defendant, Sandra Franks, for judgment in her favor and for judgment *non obstante veredicto.*"

In this regard, the evidence discloses that she saw the school bus stopped on the east side of Olive Road with its lights flashing when she was a block north of the intersection of Mantz and Olive; that the lights of the bus did not stop flashing until she was proceeding through the intersection; that she then accelerated the vehicle; that the car was traveling at a speed of approximately 35 miles an hour at the time of impact which occurred about 66 feet south of the intersection. From the standpoint of the

motions under consideration, the evidence discloses further that Sandra Franks saw the decedent while he was in the opposite lane of travel; and that she did not sound her horn at any time and did not swerve the automobile. The force of the impact projected the decedent some 67 feet.

Ordinarily, where the driver of a motor vehicle knows of the presence of children in, near, or adjacent to the street or highway, or should know that children may reasonably be expected to be in the vicinity, the driver is under a duty to exercise ordinary care for the safety of the child or children. 6 Ohio Jurisprudence 2d 437, Section 216. See, also, 30 A. L. R. 2d 30. And a motorist who knows or should know from the circumstances that children may be reasonably expected to be in the vicinity must anticipate childish conduct. *Mitchell* v. *Reinhardt*, 114 Ohio App. 175; *Fightmaster* v. *Mode*, 31 Ohio App. 273; 30 A. L. R. 2d 32; 7 American Jurisprudence 2d 976, Section 429. See, particularly, *Wheaton* v. *Conkle*, 57 Ohio App. 373.

In the present case, the driver of the vehicle observed the stopped school bus with flashing lights for some distance and had reason to apprehend that children alighting from the bus might come into a position of danger. Furthermore, it appears from the evidence that the defendant Franks was accelerating the vehicle as she approached that section of the road immediately across from the bus stop. Under such circumstances, we are of the opinion that a jury question was presented. See *Michalsky* v. *Gaertner*, 53 Ohio App. 341.

Accordingly, the first and second assignments of error will be overruled.

The third assignment of error challenges the propriety of certain questions propounded to the defendant Gabbard during cross-examination.

In this regard, the record discloses the following questions and answers:

"Q. Isn't it a fact you have been convicted of a felony? A. No.

"Q. It is not a fact? A. That is not a fact, never.

"Q. You deny this? A. I have never been convicted of a felony.

"Q. Do you deny being convicted of aggravated assault, from a charge of rape and sodomy?

"Mr. Selva: Objection.

"The Court: Overruled, let him answer it.

"A. I haven't been convicted.

"Q. You never have? A. No.

"Q. You deny this under oath? A. Yes, that I was convicted."

Awhile later, after cross-examination of Harold Gabbard was concluded, a motion was made for a mistrial on the ground that the use of the phrase "from a charge of rape and sodomy" was unwarranted and prejudicial. The motion was overruled.

As a matter of fact, Gebbard was indicted for the offense of rape and sodomy, but was permitted to enter a plea of guilty to the offense of aggravated assault. The charge of aggravated assault was reduced after a presentence investigation to assault and battery.

The introduction of evidence of prior convictions is expressly authorized in Ohio in criminal cases. Section 2945.42, Revised Code. See *State* v. *Murdock*, 172 Ohio St. 221; *Harper* v. *State*, 106 Ohio St. 481. And the same rule has been applied in civil cases. *Baltimore & Ohio Ry. Co.* v. *Rambo*, 59 F. 75; *Kornreich* v. *Industrial Fire Ins. Co.*, 132 Ohio St. 78; *State* v. *Liff*, 86 Ohio App. 396; *Killian* v. *Cleveland Ry. Co.*, 10 Ohio Law Abs. 14.

But the general rule, supported by the great weight of authority, is that it is not permissible to show merely that a witness has been indicted for the purpose of throwing doubt on his credibility. 20 A. L. R. 2d 1421; *Keveney* v. *State*, 109 Ohio St. 64.

In the present case, the reference to a "charge of rape and sodomy" was improper, but it is equally clear that the defendant Gabbard was juggling the truth when he responded to the three previous questions concerning a prior conviction. Hence, Gabbard must assume partial respon-

sibility for the improper question. Furthermore, it appears from the record that the trial court instructed the jury as to the limited purpose of this testimony.

The purpose of cross-examination is to elicit the truth, and the question, properly presented under this assignment of error, is whether the plaintiff traversed the limits of cross-examination under the circumstances. Initially, this was a matter within the discretion of the trial court, and we cannot say that the trial court, which treated this question in some detail in ruling upon the motion for a new trial, abused its discretion in overruling the motion for a mistrial. Accordingly, the third assignment of error will be overruled.

For their fourth assignment of error, the defendants, appellants herein, contend that the trial court erred in giving special charge No. 3 and special charge No. 7 which were offered by the plaintiff.

In all, the trial court submitted twenty-six special charges to the jury, and a reading of the two instructions under consideration in conjunction with other special charges and the general charge discloses no prejudicial error. Each of the subject charges is fairly within the scope of the evidence, and we are of the opinion that neither materially affected the outcome of this case.

We have again re-examined the entire record in this case with a view to treating the errors assigned cumulatively as they relate to the entire cause, and, after doing so, we are of the opinion that no prejudicial error justifying a reversal of the judgment intervened in the trial court.

The judgment will, therefore, be affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.