The State of Ohio, Appellee, *v.* Rowan, Appellant.

(No. 6798—Decided November 1, 1972.)

*Mr. Stephen M. Gabalac,* prosecuting attorney, and *Mr. Charles E. Lowrey,* for appellee.

*Mr. Carl L. Reed,* for appellant.

Victor, J. The defendant (appellant), James W. Rowan, was indicted, tried by jury, and found guilty of the sale of an hallucinogen (marijuana) in violation of R. C. 3719.-44(D), and the delivery of a dangerous drug (methedrine) in violation of R. C. 3719.24(A), to one Gene Chicoine. A motion for a new trial was filed and overruled, whereupon, pursuant to law, Rowan was sentenced to the Ohio State Penitentiary. R. C. 3719.99(F), and R. C. 3719.99(J).

From that judgment, Rowan appeals.

Rowan says that the trial court erred (1) "when it refused to grant a continuance in order to allow the depositions of the state's primary witnesses to be transcribed and afford defendant-appellant an opportunity to adequately prepare a cross-examination for these witnesses"; (2) "in failing to grant a continuance of the commence-

ment of the trial in order to ascertain the outcome on a pending grand jury investigation directed against the state's principal witness, Gene Chicoine''; and (3) ''in refusing to charge the jury that Section 3719.14 of the Ohio Revised Code does not allow police officers or their agents to deliver or sell marijuana or other narcotic drugs.''

We reject assignment of error number one.

The granting of a continuance or the refusal to grant a continuance in a criminal case is within the sound discretion of the court. We find no abuse of discretion here. R. C. 2945.02 provides, in part:

''No continuance of the trial shall be granted except upon affirmative proof in open court, upon reasonable notice, that the ends of justice require a continuance.

''No continuance shall be granted for any other time than it is affirmatively proved the ends of justice require.''

The record before us establishes no such proof. On the contrary, the record shows that the indictment was returned on December 18, 1970, and a plea of not guilty was entered thereon for Rowan on January 29, 1971. Counsel was appointed for Rowan on the same day. Nevertheless, no request to take Chicoine's deposition was made until June 18, 1971, twelve days before trial. The request was granted immediately, but the deposition was not taken until the day before trial. Defendant's counsel, however, was conversant with the contents thereof because on at least four occasions during his cross-examination of Gene Chicoine, counsel, in an effort to impeach Chicoine, referred to portions of the contents of the deposition.

We likewise reject assignment of error number two.

Rowan has failed to demonstrate how he was prevented from having a fair trial by the refusal of the trial court to grant a continuance pending the grand jury investigation. Assuming that Gene Chicoine had been indicted, that fact would not have been admissible for the purpose of throwing doubt on his credibility. *Keveney* v. *State,* 109 Ohio St. 64; *James* v. *Franks,* 15 Ohio App. 2d 215 at 219.

Assignment of error number three is without merit. This court held, in *State* v. *Graham,* case No. 6755,

144

Summit County (unreported), that an undercover agent engaged in the business of trying to stamp out the illicit drug traffic may smoke marijuana in order to give the appearance of validity to his conduct. We extend this reasoning to conduct involving the delivery and sale of drugs to others, when the purpose of such conduct is to ferret out the illegal drug trade, and bring to justice those engaged in it.

The defendant was given a fair trial, free from prejudicial error.

The judgment is affirmed.

*Judgment affirmed.*

DOYLE, P. J., and BRENNEMAN, J., concur.