THE STATE OF OHIO, APPELLEE, *v.* HOWARD, APPELLANT.

[Cite as State v. Howard (1978), 57 Ohio App. 2d 1.]

(No.C-77010—Decided April 12, 1978.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. William E. Breyer,* and *Mr. William P. Whalen, Jr.,* for appellee.

*Mr. David N. Bodley,* for appellant.

*Per Curiam.* On the evening of April 30, 1976, Heidi Taylor, an eleven-year old girl, was walking to the store. She was approached by a man at approximately 6:30 p. m. who asked her if she would retrieve some money from under the seat of his car as his hands were too large to do it himself. The girl agreed and climbed in the back seat to search.

As she did so, the man closed the door and got in the car also. He showed her a knife, and he told her that if she didn't do what he said he would kill her. He drove her to a home in a suburban area, took her inside, and raped her. Then he drove her back to the area in which he had picked her up, and he let her go. The girl told her mother what had happened, and her mother notified the police. They conducted an investigation which led them to suspect appellant.

Appellant was arrested at 6 a. m. on May 14, 1976, as he was on his way to work. He was taken to the Alms and Doepke Building where, at 6:41 a. m., he signed a waiver of rights form. At 3:30 p. m., appellant was placed in a lineup where Heidi Taylor identified him as the man who had accosted her. Several other young girls also identified appellant as the man who had attacked them.

At the conclusion of the lineup, appellant spoke with his attorney on the telephone. Subsequently, he was advised of his rights again and questioned further. At 6:40 p. m., appellant gave the police officers a taped statement in which he admitted raping Heidi Taylor.

The grand jury indicted appellant on seven counts of kidnapping and rape in connection with a series of sexual assaults on minor children which had been occurring in Hamilton County. A motion to sever counts was granted, and appellant was tried for the rape of Heidi Taylor and found guilty by a jury. Appellant asserts five assignments of error.

Appellant first contends that the trial court erred when it conducted an *in camera* examination of prospective witnesses for the state concerning their testimony out of his presence. The testimony was from two of the other girls who had identified appellant as their attacker, and the state wished to introduce this evidence pursuant to R. C. 2945.59 as other acts tending to show appellant's identity or scheme, plan or system in committing the act in question.

Prior to trial, appellant filed a motion *in limine* asking the court to order that such testimony be disallowed. In response, the court stated that before such testimony

was allowed, the court would examine the prospective witnesses *in camera* to determine if their testimony would be admissible.

During the trial, after Heidi Taylor testified, the state sought to introduce these witnesses. The court then held the *in camera* hearing from which appellant was excluded, over defense counsel's objection, although defense counsel was allowed to be present. The court heard the witnesses' testimony and ruled that it was admissible, and the state proceeded to put these witnesses on the stand. Appellant argues that because of his exclusion from the *in camera* proceedings, he was denied his right to confront witnesses against him and his right to be present at this particular stage of the trial. As the right to confrontation and the right to be present, although related, should not be confused (*Snyder* v. *Massachusetts* [1934], 291 U. S. 97), we shall discuss them and their application to appellant's case, separately.

The confrontation clause of the Sixth Amendment is, on the basis of the Due Process Clause of the Fourteenth Amendment, equally applicable to state criminal trials under the same standards which protect that right against federal encroachment. *Douglas* v. *Alabama* (1965), 380 U. S. 415. The Ohio Constitution likewise guarantees the accused the right "to examine witnesses face to face as fully and in the same manner as if in Court." Section 10, Article I, Ohio Constitution.

While the primary object of confrontation is to give a defendant an opportunity to cross-examine witnesses against him, it is also important that a jury is given the opportunity to observe the witnesses' demeanors and weigh their credibility. *Mattox* v. *United States* (1895), 156 U. S. 237; *Pointer* v. *Texas* (1965), 380 U. S. 400; *Smith* v. *Illinois* (1968), 390 U. S. 129; 5 Wigmore on Evidence 150, Section 1395 (Chad. rev. 1974). Because of the nature of the objects which this right has been designed to secure, it is recognized as basically a trial right. *Barber* v. *Page* (1968), 390 U. S. 719. Consequently, the right to confrontation may be satisfied by an adequate opportunity for cross-

examination. *Douglas* v. *Alabama* (1965), 380 U. S. 415, *Summons* v. *State* (1856), 5 Ohio St. 324.

In the case before us, appellant had the opportunity to cross-examine, in open court, the witnesses who testified as to offenses committed by appellant against them, and the jury had the opportunity to observe their demeanor. As such, we do not find that appellant was deprived of his right to confront these witnesses by his exclusion from the *in camera* proceedings where the trial court determined the question of the admissibility of their testimony. However, the resolution of the confrontation question leaves us with the more difficult problem of whether appellant was entitled to be present during the *in camera* determinination of the admissibility of the evidence which the state wished to and was able to present.

There is no provision of the United States Constitution which expressly guarantees a defendant's right to be present, but the Supreme Court has recognized that the right may exist as a matter of due process of law. *Snyder* v. *Massachusetts, supra*. Likewise, while the Ohio Constitution does not expressly give an accused the right to be present during his trial, the Ohio Supreme Court has recognized this right, *Jones* v. *State* (1875), 26 Ohio St. 208, and the Ohio Rules of Criminal Procedure require that the defendant shall be present at every stage of the trial. Crim. R. 43 (A). In fact, in *Jones* v. *State, supra*, at 209, the court held:

"* * * [O]n the trial of a felony it is error to proceed at any stage of the trial, during the enforced absence of the accused, save only in the matter of the secret deliberations of the jury, and perhaps in the hearing of motions after verdict and before judgment."

Despite this broad proposition that nothing shall be done during a trial without the accused's presence, it is widely recognized that a defendant's presence is not required at a conference between the attorneys and the court, before the bench or *in camera*, where the matter discussed concerns a question of law. See Annotation, 85 A. L. R. 2d 1111. Also, the Supreme Court of the United States found, in *Snyder* v. *Massachusetts, supra*, that a defendant's pres-

ence was not required during a view of the scene of the crime. In arriving at this conclusion, the court in *Snyder* formulated a standard by which the necessity of a defendant's presence at a particular stage of his trial may be determined. That is, a defendant's presence is required where, "[i]t bears, or may fairly be assumed to bear, a relation, reasonably substantial, to his opportunity to defend." *Snyder, supra,* at 106. The court notes: "So far as the Fourteenth Amendment is concerned, the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Snyder, supra,* at 107.

In applying the language of *Snyder* to the situation before us, we find that appellant was denied due process of law by his exclusion from the *in camera* examination of the witnesses' testimony. This was testimony of other acts of appellant which tended to show that he had done the act for which he was being tried. The admissibility of such evidence against appellant "concededly carries the potential for the most virulent kind of prejudice for an accused—that is, the possibility that he may be convicted not so much for what is proven concerning the crime *sub judice*, but for what he is shown to have committed on some other occasion." *State* v. *Snowden* (1976), 49 Ohio App. 2d 7, 8. It is our decision that a defendant has a right to be present at *in camera* hearings regarding the admissibility of "other acts" testimony pursuant to R. C. 2945.59 and R. C. 2907.02 to contribute whatever he can to aid his counsel in being as effective as possible. We find it conceivable that in many situations a defendant's presence at such a hearing could result in his giving defense counsel information that could lead to the exclusion of such potentially damaging evidence from consideration by the triers of the fact; thus, his presence does bear a reasonably substantial relation to defend in these instances. We note that the Court of Appeals in *State* v. *Williams* (1969), 19 Ohio App. 2d 234, using a similar test, found that a hearing on a motion to suppress evidence, at which testimony of a witness is received, is such a part of a trial as to require the

presence of the accused. We see very little to distinguish that result from our own. As such, we sustain appellant's first assignment of error.

Appellant's second assignment of error is that the court erred in admitting the testimony of the two girls, Kimberly Dorn and Shirley Lee, as testimony of other acts of the appellant pursuant to R. C. 2945.59.

R. C. 2945.59 reads, in pertinent part:

"In any criminal case in which * * * the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show * * * the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.''

As this court held in *State* v. *Snowden, supra,* at 9, the test in determining the admissibility of evidence of other acts is twofold:

"* * * [F]irst, an examination to determine the *relevancy* of the other act to the crime in question; next, if that threshold issue is determined favorably for the state, an inquiry into the succeeding question of whether evidence of the other act is *material* to any issue placed in question by the conduct of the instant trial.''

Scheme, plan, or system evidence is admissible when the identity of the perpetrator of the crime is in issue. *State* v. *Curry* (1975), 43 Ohio St. 2d 66, at 73, states:

"One recognized method of establishing that the accused committed the offense set forth in the indictment is to show that he has committed similar crimes within a period of time reasonably near to the offense on trial, and that a similar scheme, plan or system was utilized to commit both the offense at issue and the other crimes.''

As appellant placed the material issue of his identity as the perpetrator of the crime for which he was being tried in issue by filing notice of the affirmative defense of alibi, we have no problem deciding that evidence of other acts was material. *State* v. *Snowden, supra.*

We likewise have no difficulty in determining that the testimony of the two girls of other acts of appellant, specifically, attacks on each of them separately, was relevant. We find that the acts about which the girls testified were not too removed in method or type nor too distant in time to lack probative value as to the crime charged. *State* v. *Snowden, supra.*

The attack testified to by Kimberly Dorn, although occurring in a different neighborhood than the attack on Heidi Taylor, was carried out in a very nearly identical manner from the approach of the young child and the method of getting her into the car through the actual rape. While the attack testified to by Shirley Lee was somewhat different, we find that her testimony did have probative value in connecting appellant with the crime charged. She related, through her testimony, an attempted abduction of a small, youthful appearing girl by the method of grabbing her arm and threatening her on the street with a knife to make her get into a car, from which she was able to break free. This attack occurred in the same neighborhood in which Heidi Taylor was abducted. Both of the occurrences to which these girls testified happened within a few days of the attack on Heidi Taylor.

As we find that the testimony of the two witnesses with respect to other acts of the defendant was both relevant and material to prove that appellant committed the act in question, under the test formulated by this court in *State* v. *Snowden, supra,* we overrule appellant's second assignment of error.

Appellant's third assignment of error is that the trial court erred in failing to grant appellant's motion to suppress his confession. Testimony of the police officers involved with the appellant revealed that he was held from 6:40 in the morning until 6:30 in the afternoon, at which time he gave a statement after a waiver of rights. He had talked to an attorney and had an opportunity to have a sandwich and coffee but refused it. The court found that there was a conflict in the testimony about the threats made to the appellant about his wife and two children and

found that the testimony of the police officers was the correct version of the transaction and the relationship between appellant and the officers. On this basis, the court found that the confession was not coerced and overruled appellant's motion to suppress.

A review of the record reveals that there is credible and probative evidence to support the trial court's finding. As such, we overrule appellant's third assignment of error, for credibility of the witnesses in this instance is clearly a matter for the determination of the lower court, subject to reversal only if there is a clear abuse of discretion, which we find did not occur.

Appellant's fourth assignment of error is that he was prejudiced when the court overruled his objection to cross-examination of appellant's character witnesses, Weber and Schurgardt, in regard to hypothetical facts and facts not in evidence. Both witnesses testified, on direct examination, as to appellant's general reputation in the community for honesty and integrity. On cross-examination of Mr. Weber, the prosecutor, asked him if he had heard that appellant had taken young children and forced them to have sexual relations with him in October 1975, in April 1976, and in September 1976, and that in May 1976 he attempted to force a young woman into the car at knife point.

It is clear that the questions as to the April 1976 offense and those offenses which occurred subsequently were erroneous. When a defendant has offered evidence of good character prior to and up to the commission of the alleged offense, it is error to permit the state to prove his bad character at a subsequent period. *Wroe* v. *State* (1870), 20 Ohio St. 460; see also *State* v. *Goodin*, unreported, First Appellate District, No. C-76510, decided November 23, 1977.

Mr. Schurgardt was questioned on cross-examination about the October 1975 incident only. He was asked that if he knew about the incident, would such knowledge change his opinion as to appellant's reputation. Mr. Weber was also asked whether his opinion would be changed if he knew that the sexual assaults had taken place. Both witnesses, over objection, answered affirmatively.

A character witness may be cross-examined as to the existence of reports of particular acts of the person about whom he has testified which are inconsistent with the reputation attributed to him by the witness—not to establish the truth of the facts, but to test the credibility of the witness and to ascertain what weight or value is to be given his testimony. *State* v. *Elliott* (1971), 25 Ohio St. 2d 249. Proper cross-examination in this respect concerns other acts or misdeeds on the part of the defendant involving those character traits referrable to the crime for which the defendant is on trial. *State* v. *Polhamus* (1951), 62 Ohio Law Abs. 113. See Annotation, 47 A. L. R. 2d 1258 *et seq.* (1956). It has further been ruled that a character witness who denies having heard any report of the accused's having done certain things may not be asked to suppose the accused had done those things and relate whether, after the supposition, his opinion of the defendant would be different, for such a question calls for an opinion upon a hypothetical state of facts not in evidence. Annotation 47 A. L. R. 2d, *supra.* When such questions are asked, they are an abuse of the limited privilege of cross-examination of character witnesses and are, particularly where an affirmative answer is elicited, held to be reversible error. Annotation 47 A. L. R. 2d, *supra*, at 1313, Section 23 (b).

The prosecutor, in the instant case, asked the character witnesses if they knew of an offense in October 1975 which appellant had committed and of which there was no evidence in the record. After receiving a negative answer, he further asked that if they did have such knowledge would it change their opinion. Moreover, these questions were not of acts which were inconsistent with the reputation testimony given by the witnesses in direct examination. We find such questions to be erroneous and prejudicial, and we sustain appellant's fourth assignment of error. The fact that the prosecutor, in rebuttal, put a witness on the stand who testified to the commission of a sexual assault by appellant on her in October 1975 in no way influences our decision. A prosecutor is not permitted to show his good faith by offering evidence of the truth of

the specific act of misconduct which was the subject in question, because that would be to place in issue the truth of that charge which is a purely collateral matter. See *People* v. *Fowzer* (1954), 127 Cal. App. 2d 742, 274 P. 2d 471. Indeed, it is the admission of this rebuttal testimony by Robin Ashley, the victim of the October 1975 assault, upon which appellant premises his fifth assignment of error.

The only foundation laid for such rebuttal testimony was that the prosecutor asked appellant on cross-examination if he had a problem in the area of raping young children, and appellant answered in the negative. We find this to be a clearly insufficient foundation to allow the state to put on rebuttal evidence in the form of testimony by a victim of an assault by appellant for which he had not been convicted and about which he had not been questioned. Thus, we cannot agree with the state's position that such rebuttal testimony was proper to impeach appellant's credibility. We also note that there was no compliance with R. C. 2907.05(E) with respect to Robin Ashley's testimony, which requires that:

"Prior to the taking of testimony or receiving evidence of any sexual activity of the victim or the defendant in a proceeding under this section, the court shall resolve the admissibility of the proposed evidence in a hearing in chambers * * *."

We sustain appellant's fifth and final assignment of error.

We reverse and remand this case for a new trial in harmony with this decision.

*Judgment reversed.*

SHANNON, P. J., and BETTMAN and CASTLE, JJ., concur.