THE STATE OF OHIO, APPELLEE, *v.* HOWARD, APPELLANT.

(No. C-820060 — Decided February 2, 1983.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. Leonard Kirschner,* for appellee.

*Mr. G. David Yaros,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

On September 22, 1978, defendant-appellant, Joseph Howard, having been found guilty of rape in violation of R.C. 2907.02, was sentenced to life imprisonment. This judgment was ultimately affirmed, on direct appeal, by this court. Defendant subsequently filed a petition to vacate judgment, pursuant to R.C. 2953.21, in the court below. This petition was dismissed without an evidentiary hearing. Defendant appeals this dismissal.

Defendant brings one assignment of error on this appeal, namely, the court below erred in dismissing the petition without first conducting an evidentiary hearing. We disagree.

The instant petition is directed to the result of defendant's second trial for rape. His initial conviction was reversed by this court in *State* v. *Howard* (1978), 57 Ohio App. 2d 1 [11 O.O.3d 3], and remanded for further proceedings. The court below, in dismissing the instant petition, arrived at its conclusion that defendant had not been deprived of effective assistance of counsel at the second trial by comparing relevant portions of the transcript of the first trial with the transcript of the second. The portions of the first transcript referred to had not been offered into evidence nor had they otherwise been made part of the record at the second trial.

The threshold question presented by this appeal involves the interpretation of the word "proceedings" as used in R.C. 2953.21(C). That section of the Revised Code requires a trial judge to make a determination of whether there are substantive grounds for the post-

conviction relief sought. In pertinent part R.C. 2953.21(C) states as follows:

"* * * In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including but not limited to the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript * * *."

Under the particular facts of this case, involving (1) a petition for postconviction relief (2) following a second trial of the defendant on the same charge for which he had been previously tried and convicted (3) which first conviction had been reversed and the case remanded for a new trial, we hold that the court reporter's transcript of the first trial, properly certified and filed as part of the record on appeal of the first conviction, is a part of the "records pertaining to the proceedings against" the defendant. Therefore, upon the filing of the petition pursuant to the provisions of R.C. 2953.21, the trial judge is obligated to consider the transcript of the first trial in making the determination of whether there are substantive grounds for relief which would mandate an evidentiary hearing of the petition under R. C. 2953.21.

We conclude that there was no error in the action of the trial court and that its decision is supported by the files and records pertaining to the proceedings against the defendant and as reflected by the findings of fact and conclusions of law made and filed by the trial judge pursuant to R.C. 2953.21(C).

The assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., PALMER and KLUSMEIER, JJ., concur.