I concur with the judgment entered respecting all of assignments of error, except that I must respectfully dissent with the judgment of the majority as to the first assignment of error.
In State v. Pearson (1996), 114 Ohio App.3d 168, this court, reversing the conviction of the appellant on other grounds, held that the trial court's exclusion of "other acts" testimony of the other rape victim, Stacie Schwab, was improper. This holding was based solely upon the grounds cited by the trial court: that there was an insufficient nexus between the two incidents due to the lapse of time between the rapes. The decision of this court on that limited issue was correct as far as it went. This prior holding would suggest to the trial court that since the exclusion of the evidence was error, therefore the admission of this evidence could not be error. I respectfully suggest that the analysis in both cases has fallen short of the mark.
It is well established that under proper circumstances, evidence of other acts that constitute similar crimes is admissible in spite of its obviously great prejudicial effect, not because it labels the defendant as a criminal, but in spite of that fact. State v. Broom (1988), 40 Ohio St.3d 277. One of the bases for such admission is to establish the identity of the perpetrator of the crime charged. Evid.R. 404(B); State v. Carter (1971), 26 Ohio St.2d 79.
The appellant argues in his Sixth Supplemental Assignment of Error that because of the DNA test results, identity was no longer a serious issue and that therefore, the testimony could not have been offered to prove identity. The majority, I think properly, however, points out that the issue of identity was the sole basis of defense of the case and that it remained the primary issue for the jury to determine in reaching their verdict.
Furthermore, as this court properly held in Pearson,114 Ohio App.3d at 187, the "similarities [between the Schwab and Tiell rapes] provided a behavioral fingerprint which could have been used to identify appellant as the perpetrator of the crimes against Theresa Tiell."
Therefore, the threshold question of whether the evidence of "other acts," under Evid. R. 404(B) may be admissible has been answered in the affirmative. That is what our previous ruling in Pearson, in my opinion, should have been limited to. From that point the majority here seems to leap over what I consider to be the next two steps in the analysis and conclude that the admission of the testimony of Stacie Schwab was not error.
In my view, the analysis does not stop at the point where the evidence "may, however, be admissible." While there is no requirement that the trial court hold an in camera hearing on the admissibility of "other acts" evidence, there is a two-prong test that the court must apply to determine the relevance pursuant to Evid. R. 401 and 402. The court must first determine that the other act is relevant to the crime in question. Second, if that issue is determined favorably for the state, the court must determine that evidence of the other act is material to an issue placed in question by the conduct of the instant trial. State v. Howard (1978), 57 Ohio App.2d 1, 6.
Evid. R. 401 provides :
 "Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
And Evid R. 402 then further provides:
 All relevant evidence is admissible, except as otherwise provided * * *. Evidence which is not relevant is not admissible.
 In making this determination of relevance, we must focus not simply on legal relevance, but upon logical relevance, the concept that is addressed in the second prong of the Howard test, which we used to call materiality. This is a threshold determination that the trial court must make. State v. Hector (1969), 19 Ohio St.2d 167. Here, the trial court needed to make a determination that identification of the defendant tying him to the Schwab rape (DNA test result) somehow made the identification of him in the Tiell rape more probative than the DNA identification of him in the Tiell rape, alone, in order for this evidence to have been relevant on both prongs of the relevancy test. See State v. Snowden (1976), 49 Ohio App.2d 7.
The behavioral fingerprints of both rapes, as the majority has properly found twice, are sufficiently alike to qualify this evidence as potentially admissible under Evid. R. 404(B), but only if the identity of the perpetrator in the prior act is sufficiently established to make it more likely that he is the perpetrator of the subsequent rape of Tiell. In my view, the DNA evidence linking Appellant to both rapes is substantially identical in nature, unlike an eyewitness identification, which is inherently subjective and therefore categorically different. Since the evidence is substantially identical in nature, and since the identification likelihood in Schwab (1:150,000) is less than the identification likelihood in Tiell (1:172,000), and since there is no evidence before the court that the combination of the two makes the statistical likelihood greater than one identification by itself, this evidence, therefore, does not make the identification in Tiell more likely with the Schwab evidence than it was without the Schwab evidence. It is therefore not relevant, and should have been excluded pursuant to Evid. R. 402.
Assuming, arguendo, that the trial court could find that the evidence was relevant, I think that Evid. R. 403(A) still mandates its exclusion in this case. This rule provides:
 Exclusion mandatory. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
Evid. R. 404(B) does not mandate the admission of "other acts" evidence, it merely provides that the evidence "may, however, be admissible." The rule and the case law explaining the rule presume that such evidence is inherently highly prejudicial to the defendant. This presumption inherently mandates that the trial court employ the balancing test of Evid. R. 403 before admitting such evidence.
When admittedly highly prejudicial evidence that is not sufficiently probative of a material issue in question to overcome the requirements of Evid. R. 401 and 403 is offered, we must presume that it will, at the very least, be used by the trier of fact for the purpose of proving the defendant's propensity to commit a heinous crime of this nature. The nature of this type of evidence was recognized by the Ohio Supreme Court in State v. Curry (1975), 43 Ohio St.2d 66, 68 where the Court said:
 A hallmark of the American criminal justice system is the principle that proof that the accused committed a crime other than the one for which he is on trial is not admissible when its sole purpose is to show the accused's propensity of inclination to commit crime. Underhill's Criminal Evidence (6 Ed.), 595, Section 205. Although such evidence may, in some cases logically tend to establish that a criminal defendant committed the act for which he stands accused, the evidence is considered legally irrelevant for the reasons enumerated in Whitty v. State (1967), 34 Wis.2d 278, 292, 149 N.W.2d 557:
 " * * * (1) The overstrong tendency to believe the defendant guilty of the charge merely because he is a person likely to do such acts; (2) the tendency to condemn not because he is believed guilty of the present charge but because he has escaped punishment from other offenses; (3) the injustice of attacking one who is not prepared to demonstrate the attacking evidence is fabricated; and (4) the confusion of issues which might result from bringing in evidence of other crimes."
The appropriate use of "other acts" evidence is demonstrated in the case cited by the majority herein, State v. Broom (1988),40 Ohio St.3d 277. In Broom, there was no identification of the perpetrator sufficient to tie him to the crime charged other than the "behavioral fingerprint," which was then compared to similar behavior demonstrated in two other attacks where the defendant had been identified by the victims.
In the present case, the witness Jennifer Nacca's testimony is relevant, and its probative value demonstrably outweighs its prejudicial effect because the nature of the identification (eyewitness) is substantially different from and serves to bolster the DNA identification in the Tiell rape. However, I would find that the identification in the Schwab rape (DNA matching of sperm samples and blood taken from the Appellant), is not relevant because it does not make the DNA identification of the Appellant in the Tiell rape more probable than it is without this evidence.