THE STATE OF OHIO, APPELLEE, *v.* WILLIAMS, APPELLANT.

(No. 357—Decided January 27, 1969.)

*Mr. Robert A. Jones,* prosecuting attorney, for appellee.

*Mr. Harry H. McIlwain,* for appellant.

*Per Curiam.* This is an appeal on questions of law from a conviction for murder in the second degree.

The defendant, appellant herein, was indicted for murder in the first degree, it being alleged that on January 26, 1967, he killed his wife unlawfully, purposely and with deliberate and premeditated malice.

It appears that on the evening of January 25, 1967, the defendant and his wife went to a restaurant where they consumed food and alcoholic drink. From there they re-

turned to their home. Defendant contends that his wife wished to "soak" in a tub and asked him to leave the house again to get some sandwiches while she completed her bath. Defendant states that, upon his return, he found his wife in the bathtub, her head submerged and "bubbles" emerging from her mouth. Defendant's testimony upon trial was that he attempted to lift her from the tub but because he had an artificial leg he was unable to do so. Evidence discloses that at about 12:35 a. m. on January 26, 1967, the defendant summoned police and an ambulance. The deceased was found lifeless in the bathtub which was empty of water. At the trial, the testimony disclosed that the cause of death was asphyxiation by drowning. The pathologist found no evidence of trauma or existing disease, but stated there was present in the blood of the deceased .13 per cent of ethyl alcohol and 4.12 milligrams of a barbiturate type of drug per 100 millimeters of blood.

Approximately four weeks before her death, the deceased had applied for a fifty-thousand-dollar double indemnity life insurance policy designating the defendant as the beneficiary. For reasons disclosed in the testimony, two similar applications, each with a different company, were forwarded by the insurance agent. On April 10, 1967, the defendant filed suits against both insurance companies.

In January 1968, about one year after the death of defendant's wife, the Grand Jury of Clermont County returned a sealed indictment charging him with murder in the first degree.

The prosecution proceeded upon the theory that "when a person is charged with first degree murder of his wife, it is necessary to show strong motives in order to substantiate such an act * * *." Therefore, testimony was presented to the jury that the "possibility of personal gain coupled with a marriage founded upon deceit and lies * * * clearly indicated that the defendant had no feelings toward his wife [and] provided a clear cut motive for the defendant's acts."

The trial court permitted, frequently but not always over objection, testimony in the state's case in chief that:

defendant had been deceitful in claiming and swearing that he had never been married prior to his union with the deceased, he falsified the application for the marriage license, he had posed as an agent of the Federal Bureau of Investigation, he had lied to a newspaper reporter when he told him he had lost a leg in combat, he deceived his wife about the amount of the down payment on household furniture, he had been evicted from his home, he had given a merchant a post-dated check by trickery, and he had corresponded with a woman before, during and after his marriage to the deceased.

While the record before us is silent as to the grounds upon which the trial court permitted the introduction of the evidence summarized above, the appellee urges that such was competent as proving or tending to prove the defendant's motive or intent in doing the act with which he was charged.

Section 2945.59, Revised Code, provides:

"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

We believe that the fundaments involved are stated in the second paragraph of the syllabus of *State* v. *Strong,* 119 Ohio App. 31 (motion for leave to appeal overruled December 11, 1963):

"Section 2945.59, Revised Code, is to be strictly construed against the state. This statute does not make admissible, over objection, the details of like acts or other acts when such details have no relation to the offense for which the defendant is on trial, no logical connection therewith, and do not tend to disclose a motive or purpose for the commission of such offense."

*Strong, supra,* rested, in part, upon *State* v. *Moore,* 149 Ohio St. 226, interpreting Section 13444-19, General Code.

It is significant to note here that the judge presiding over the trial did not instruct the jury as to the purpose of the testimony as to similar offenses charged to the accused, either at the time such testimony was admitted or in the general charge. It is equally important to point out that no request to so charge at either or both junctures was made.

We are cognizant of *State* v. *Pope,* 171 Ohio St. 438, which sets forth in paragraph one of the syllabus that:

"Failure of the trial court in a criminal case to instruct the jury as to the purpose of testimony as to similar offenses charged to the accused and the manner in which it is to be considered, at the time such testimony is admitted, is not reversible error, where no request for such instruction is made and the court covers the matter adequately and correctly in the general charge."

However, we are of the opinion that if the testimony complained of here was admitted under authority of Section 2945.59, Revised Code, the trial judge was under a duty to limit its application by proper instruction at some appropriate time.

We are impressed with the observation of the court in *State* v. *Pigott,* 1 Ohio App. 2d 22, at page 25 referring to evidence of similar acts:

"* * * This court is fully aware that this type of evidence can be highly prejudicial unless its introduction and reception is meticulously handled by the trial court. Furthermore, unless the rights of the defendant are properly safeguarded, the door is opened to a conviction of an accused by evidence which was not designed for that purpose and a denial to the accused of the fair trial he is entitled to. * * *"

Defendant contends in argument before us that the testimony was permitted over his counsel's objection on the ground that it went to affect his (defendant's) credibility. Clearly this would have been erroneous since it

would have attacked one who could not be compelled to testify before his credibility, or character, became an issue.

In the instant case we can find no such logical connection between the allegedly same or similar acts of the defendant and the offense charged against him as would make the testimony admissible.

It must be remembered that the law of this state expressly declares that the defendant in a criminal case is presumed to be innocent until he is proved guilty. Suspicion, no matter how well founded in the mind, cannot be permitted to supplant proof. Scoundrel, philanderer and prevaricator though the state believes him to be, the defendant is entitled to the shield of the presumption of innocence. As a man then on trial for his life, he was entitled to have strict compliance with the rules of law prescribed and which should have been understood.

Therefore, because of the failure to afford the defendant a fair trial and on the grounds of errors apparent, which are prejudicial to his rights, the judgment is reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

LONG, P. J., HILDEBRANT and SHANNON, JJ., concur.