THE STATE OF OHIO, APPELLEE, *v.* MOOREHEAD, APPELLANT.

[Cite as State v. Moorehead (1970), 24 Ohio St. 2d 166.]

(No. 70-80—Decided December 30, 1970.)

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. Herbert M. Jacobson,* for appellee.

*Mr. Raymond A. White* and *Mr. Russell L. Carter,* for appellant.

SCHNEIDER, J. Clitus Moorehead was charged with the February 4, 1968, unlawful and purposeful slaying of Rena

Streitenberger while attempting to commit robbery. The defendant waived a trial by jury and, on November 20, 1968, he was found guilty of first-degree murder and sentenced to die in the electric chair.

The state offered two eyewitnesses to the killing, the daughter of the deceased and the daughter's boyfriend, both of whom identified the defendant and the weapon. They testified that at approximately 11:00 p. m. on February 4th four men in an automobile went to Rena's Motel on West Third Street in Dayton. Believing the visitors to be customers, the deceased left her living quarters and entered the motel office, which is attached to the family's home. Three of these men were in the office when she arrived, and they demanded that she let them pass through the doorway to her living quarters.

When the deceased refused, and while trying to block their entrance, she was struck on the head and face, falling to a slumped position in a corner of the room. As she lay helpless, one of the men held the door open, and the defendant came up the outer steps to the office with a shotgun at his side.

Both eyewitnesses testified that they saw the defendant, while standing at the outer steps to the motel, raise the gun about hip high with the barrel pointed into the open door of the office, and heard a shot, whereupon all four men fled. Moments later Mrs. Streitenberger was dead.

A broadcast of the description of the automobile, as reported to the police by one of the witnesses, resulted in the apprehension of all four men as they parked their stolen car in front of a "bootleg joint" soon after the offense. The arresting officers found the defendant lying in the backseat of the car with a recently fired 12-gauge sawed-off shotgun next to him. It was stipulated at the trial that, if called as a witness, a firearms expert would testify that a shell found at the scene of the killing was fired from that gun.

The state also introduced in evidence a loaded revol-

ver taken from the pocket of one of the defendant's associates at the time of the arrest.

Approximately three hours earlier that evening, the evidence showed that the defendant had been involved in a robbery at the Stewarty Motel, another small motel on the outskirts of Dayton. During that robbery, in which over $125 was taken, a shot was fired at the motel manager, who narrowly escaped injury by ducking into her second-story room. It was also stipulated that, if called as a witness, a firearms expert would testify that the shell found at this motel was fired by the same 12-gauge sawed-off shotgun that was used in the Rena's Motel incident.

Evidence was also admitted that between February 4th and 6th, 1968, two 1968 Buick Wildcat automobiles were stolen from a dealer in Fairborn, Ohio. One car was identified as that in which the defendant and his three accomplices were arrested on the night of the killing. The other auto was subsequently found at the rear of the "bootleg joint" in front of which the four had been arrested.

Both eyewitnesses to the killing identified the defendant in the courtroom during the trial. Both testified that they had previously identified him from a group of photographs exhibited to them by law enforcement officers. Although the defendant had signed a waiver of attorney at a line-up, neither of those witnesses was at the line-up. The witness from the Stewarty Motel, however, was at the line-up and identified the defendant at that time, as well as in the courtroom, as the man who entered the motel with a shotgun.

The defendant offered no evidence, but has challenged the admissibility of most of the state's evidence. The defendant argues, first, that the introduction of evidence which tends to show the commission of a crime for which the defendant has not been indicted, is prejudicial and deprives the defendant of an impartial and fair trial. We do not agree with this contention.

R. C. 2945.59 provides:

"In any criminal case in which the defendant's motive

or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.''

The evidence of the episode at the Stewarty Motel is admissible because it tends to prove all the important elements of the statute, *i. e.*, defendant's intent, motive, lack of mistake, scheme, and final action, for the Rena's Motel incident. See *State* v. *Hector* (1969), 19 Ohio St. 2d 167. Cf. *State* v. *Laskey* (1970), 21 Ohio St. 2d 187. It shows that the defendant was also involved in another event on the same date, approximately three hours earlier, and in the same general area. See *Whiteman* v. *State* (1928), 119 Ohio St. 285. Both that event and the event resulting in the murder for which the defendant was indicted were strikingly similar in their mode of operation, and in each the same weapon was fired.

The manner in which the automobile used in the offense was obtained, *i. e.*, by theft, is admissible here as indicative of an unlawful scheme or plan. The fact that a second automobile was taken at the same time and recovered a few days after the killing near the place where the defendant and the others were arrested, is a surrounding event so closely related to the offense as to be admissible under R. C. 2945.59. Likewise, a loaded revolver removed from the pocket of one of the defendant's associates at the time of the arrest is admissible as a surrounding circumstance which is probative of a scheme and purpose for the unlawful venture in which they were all involved. See *State* v. *Moore* (1948), 149 Ohio St. 226.

The defendant urges further that we declare R. C. 2945.59 unconstitutional. We also reject that argument.

The Court of Appeals for Montgomery County, after careful consideration, analysis, and a review of the authorities, has recently held R. C. 2945.59 to be constitutional. *State* v. *Pack* (1968), 18 Ohio App. 2d 76, appeal dismissed, October 1, 1969. See, also, *Spencer* v. *Texas*, 385 U. S. 554, 17 L. Ed. 2d 606, 87 S. Ct. 648.

The third and last argument of the defense is that the evidence is insufficient to prove an intentional killing in the commission of a robbery, which is required by R. C. 2901.01.

It is impossible to take a cross section of a man's mind so as to reveal his innermost thoughts and intentions. These must be shown by circumstances. The evidence outlined above constitutes an inescapable web of circumstances which admits of no other reasonable explanation than that all the elements of the crime of murder during the commission of a robbery are present.

The verdict of guilty was fully justified by the evidence. We find no error in the record which has prejudiced the rights of the defendant. Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.