**The STATE of Ohio, Appellee,**

v.

**McCORNELL, Appellant.**

[Cite as *State v. McCornell* (1993), 91 Ohio App.3d 141.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63543.

Decided Oct. 12, 1993.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Elaine Welsh,* Assistant Prosecuting Attorney, for appellee.

*Patrick M. Farrell,* for appellant.

HARPER, Judge.

Appellant, Voltaire McCornell, appeals as of right from his conviction of felonious assault by the Cuyahoga County Court of Common Pleas. For the reasons set forth, we affirm.

## I

On November 4, 1991, after returning home from accompanying his wife, Lauren McCornell, on a job interview, Mr. McCornell had an argument with his wife. The couple argued because Mrs. McCornell told appellant that he should also look for a job.

He pulled out his gun and shot her. The bullet entered the right side of her chest and exited through the back. She begged appellant to call 911. She called 911 and told the dispatcher that she was shot during a robbery attempt while alone in the apartment.

Officer Joseph Madachy arrived at the scene and found appellant exiting the apartment. Mrs. McCornell opened the door which was locked behind the appellant.

Appellant informed Officer Madachy that he had been arguing with his wife. He accidentally shot her when she bumped into him and the gun went off.

Joseph Korpon, of the Cleveland Emergency Medical Services ("EMS"), testified that when he arrived at the scene, Mrs. McCornell was sitting in a pool of

blood. She told him that she was shot in the bedroom from a distance of two to three feet. She related to him that it was not an accident.

Detective Kenneth Kaselonis of the Euclid Police Department testified that he interviewed Mrs. McCornell at the hospital on November 4, 1991. She told him that appellant pointed a gun at her and fired from a distance of about two to three feet. She told him that the shooting was purposeful. She told the detective that she lied to the dispatcher to protect herself and her thirteen-year-old daughter from appellant.

Mrs. McCornell, when called to testify at trial, testified that the shooting was accidental. She admitted telling the EMS personnel and the detective that appellant shot her on purpose.

The state presented evidence that appellant slashed Mrs. McCornell with a kitchen knife on April 27, 1991. When she ran to the bathroom to escape him, he attempted to pry the door open with a knife slashing the bathroom door with the knife. She signed a statement concerning the incident with the police and later called the police, informing them that she would not prosecute because she provoked him.

## II

Appellant assigns the following errors for our review:

"A. The defendant was not brought to trial within the time limits set forth in R.C. 2945.71.

"B. The trial court erred in permitting the introduction of evidence regarding prior acts of the witness and prior acts of the defendant.

"C. The trial court erred in refusing to instruct the jury on the lesser included offense of negligent assault."

Appellant argues in his first assignment of error that his due process right to speedy trial was violated when the state failed to bring him to trial within the time allowed by statute. R.C. 2945.71 provides in pertinent part as follows:

"(C) A person against whom a charge of felony is pending:

" * * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest.

" * * *

"(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

Crim.R. 45 states in pertinent part as follows:

"(A) Time: Computation. In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not Saturday, Sunday, or legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in computation."

The record shows that appellant was arrested on November 4, 1991, and remained in jail until February 3, 1992, when the trial commenced. By statutory requirement appellant was to be brought to trial within ninety days, *State v. Walker* (1974), 42 Ohio App.2d 41, 71 O.O.2d 238, 327 N.E.2d 796, which would have been on February 2, 1992, since the date of arrest is not included in the speedy trial computation. *State v. Steiner* (1991), 71 Ohio App.3d 249, 593 N.E.2d 368. A careful review of the 1992 calendar shows that February 2, 1992 was a Sunday. Appellant's speedy trial date was automatically extended to the next day, which was Monday, February 3, 1992, the date appellant was brought to trial. Therefore, by law, appellant was brought to trial within the statutorily allowed time.

Since appellant's due process right of speedy trial was not violated as explained *supra*, we need not address the validity of his speedy trial waiver since such determination adds nothing to the argument. See App.R. 12. We overrule appellant's first assignment of error.

## III

In his second assignment of error, appellant argues that the trial court erred by permitting the state to introduce evidence of prior acts of stabbing the witness (his wife) to impeach both the defendant and the witness. Evid.R. 404(B) provides as follows:

"Other crimes, wrongs or acts. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

While evidence of other crimes, wrongs or acts committed by the accused either prior to or subsequent to the crime charged is inadmissible to show that the accused has a propensity to commit crimes, *State v. Adams* (1978),

53 Ohio St.2d 223, 7 O.O.3d 393, 374 N.E.2d 137; *State v. Mann* (1985), 19 Ohio St.3d 34, 19 OBR 28, 482 N.E.2d 592; *State v. Burson* (1974), 38 Ohio St.2d 157, 67 O.O.2d 174, 311 N.E.2d 526, they may be admissible for such limited-purpose to show motive or intent, the absence of mistake or accident on his part, or his scheme, plan or system in committing the act in question. In those cases where other acts evidence is shown to be relevant its admission is still proper even though such proof may show or tend to show the commission of another crime by the accused, unless prejudice is shown. See R.C. 2945.59.

█ Because the standard for admissibility is strict, *State v. Jamison* (1990), 49 Ohio St.3d 182, 552 N.E.2d 180, and the statute is strictly construed against the state, *State v. Strong* (1963), 119 Ohio App. 31, 26 O.O.2d 134, 196 N.E.2d 801, the trial court must conduct a standard test before admitting such evidence. The court must determine that (1) the other act is relevant to the crime in question, *State v. Strong, supra;* see, also, *State v. Williams* (1969), 21 Ohio App.2d 184, 50 O.O.2d 280, 255 N.E.2d 639, and (2) evidence of other acts is relevant to an issue placed in question by the conduct of the present trial, *State v. Howard* (1978), 57 Ohio App.2d 1, 11 O.O.3d 3, 385 N.E.2d 308. The court, in addition to determining relevancy, must pay attention to other factors, examples of which are: (1) the time of the other act, *State v. Chapman* (1959), 111 Ohio App. 441, 15 O.O.2d 19, 168 N.E.2d 14 (evidence of other act committed eight years prior to the time of crime charged inadmissible as being too remote in time); see, also, *State v. Henderson* (1991), 76 Ohio App.3d 290, 601 N.E.2d 596; *Young v. State* (1932), 44 Ohio App. 1, 184 N.E. 24 (evidence of other act committed three years prior admitted to show scheme and intent); (2) the accused's *modus operandi, State v. Coleman* (1988), 37 Ohio St.3d 286, 525 N.E.2d 792; *State v. Hill* (1992), 64 Ohio St.3d 313, 595 N.E.2d 884; (3) the nature of the other acts committed, and (4) location of other acts, *State v. Moorehead* (1970), 24 Ohio St.2d 166, 53 O.O.2d 379, 265 N.E.2d 551.

█ In the instant case, appellant was charged with felonious assault of his wife. The record shows that appellant's wife (the same victim in the instant case) reported to the police that appellant purposely stabbed her with a knife on April 27, 1991, barely seven months from the present assault. The stabbing, if prosecuted, also would have been a charge of a felonious assault. The record shows that she recanted her story to the police, claiming that the stabbing was an accident which was her fault and that she would not prosecute.

In the present case, she told a detective and a paramedic that appellant shot her from close range and that it was not an accident. She later informed police that it was an accident and she did not want to prosecute. The state is allowed

impeachment of the witness's credibility and to refute appellant's testimony that the shooting was accidental. See *State v. Deboard* (1962), 116 Ohio App. 108, 21 O.O.2d 398, 187 N.E.2d 83. The two serious physical injuries caused by appellant to Mrs. McCornell and her stories about them are too coincidental to be left unchallenged by the state.

In addition to our finding no error in the admission of other acts evidence by the trial court, we also find that the trial court instructed the jury on the proper application of other acts evidence in relation to the crime charged. See *State v. Deboard, supra; State v. Crafton* (1968), 15 Ohio App.2d 160, 44 O.O.2d 295, 239 N.E.2d 571; see, also, *State v. Pigott* (1964), 1 Ohio App.2d 22, 30 O.O.2d 56, 197 N.E.2d 911.

Accordingly, we overrule appellant's second assignment of error.

## IV

 Appellant argues in his third assignment of error that the trial court erred by not instructing the jury on the lesser included offense of negligent assault. We disagree. R.C. 2901.22(B) and 2901.22(D) define knowledge and negligence, respectively, as follows:

"(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

" * * *

"(D) A person acts negligently when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that his conduct may cause a certain result or may be of a certain nature. A person is negligent with respect to circumstances when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that such circumstances may exist."

While negligent assault is a lesser included offense of felonious assault, *State v. Hardaway* (Oct. 31, 1991), Cuyahoga App. No. 59210, unreported, 1991 WL 228570, instruction on a lesser included offense should not be automatically given by the mere fact that an accused is charged with the higher offense. *State v. Smith* (1989), 49 Ohio St.3d 137, 145, 551 N.E.2d 190, 198.

In *State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph two of the syllabus, the Ohio Supreme Court held that:

"Even though an offense may be statutorily defined as a lesser included offense of another, a charge on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." See, also, *State v. Kidder* (1987), 32 Ohio St.3d 279, 513 N.E.2d 311; *State v. Davis* (1983), 6 Ohio St.3d 91, 6 OBR 131, 451 N.E.2d 772, paragraph two of the syllabus.

In the instant case, instruction on the lesser included offense of negligent assault is not warranted for two reasons. First, the evidence presented does not support an acquittal on the charge of felonious assault. The evidence shows that the shooting occurred while the couple were arguing. Appellant, according to the testimony, pulled out a gun and in close range aimed at and shot the victim. The evidence does not reveal the shooting as accidental but rather as an act done with particular knowledge of causing serious physical harm. A man whose wife is shot accidentally would attempt to call for help and not be found walking out of the apartment while his wife is covered in a pool of blood. Second, appellant is precluded from the instruction on negligent assault because he consistently held that it was an accident, which implies criminal inculpability. The jury can find appellant guilty only if it believed that it was not an accident; otherwise appellant should be acquitted. It would be an inconsistent verdict to find appellant guilty of negligent assault where the jury determined that the incident was an accident. As this court held in *State v. Simko* (Apr. 8, 1982), Cuyahoga App. No. 43890, unreported, 1982 WL 5294, "That which is done accidentally cannot be done with criminal negligence."

We overrule appellant's third assignment of error.

*Judgment affirmed.*

NAHRA, P.J., and JAMES D. SWEENEY, J., concur.