OPINION
{¶ 1} Jack L. Morrow appeals from his conviction and sentence in the Clark County Court of Common Pleas on one count of felonious assault.
 {¶ 2} Morrow advances three assignments of error on appeal. First, he challenges the sufficiency of the evidence to support his conviction. Second, he argues that the trial court erred by failing to instruct the jury on the lesser-included offenses of aggravated assault and negligent assault. Third, he alleges ineffective assistance of counsel based on his trial attorney's failure to request the foregoing instructions.
 {¶ 3} The present appeal stems from an incident that occurred on the night of October 13, 2001. At approximately 11:00 p.m., Morrow was sitting in his truck, talking to his friends Brenda Perkins and John Gawlikowski. At some point, John Gawlikowski's brother, Jay, arrived in a red Camaro. The Gawlikowski brothers then became involved in an altercation. Following the fight, Jay Gawlikowski sped away in his Camaro, causing his tires to throw gravel on Morrow's truck. As a result, Morrow pursued Jay. Upon noticing that he was being followed, Jay stopped briefly and exchanged words with Morrow. Jay then "flipped off" Morrow and proceeded home, with Morrow continuing to follow him. As Jay opened his car door in his driveway and exited the Camaro, Morrow drove his truck into the stopped vehicle. The impact injured Jay, who fell to the ground. According to Jay's son, who watched the incident, Morrow then hit the Camaro a second time, as Jay rolled out of the way. Police subsequently arrested Morrow at his home, and he was charged with felonious assault. The matter proceeded to trial before a jury, which found him guilty. The trial court sentenced him to five years of community control, with 30 days of electronic monitoring, a three-year driver's license suspension, and an order of restitution. Morrow then filed a timely appeal, raising the assignments of error set forth above.
 {¶ 4} In his first assignment of error, Morrow challenges the sufficiency of the evidence to support his conviction. In particular, he asserts that the evidence established an attempt to damage Jay Gawlikowski's Camaro, but not an attempt to harm Jay personally. Having reviewed the transcript of Morrow's trial, we cannot agree. When reviewing a challenge to the sufficiency of the evidence, we must determine "whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found that the state had proven the essential elements of the crime beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, 273.
 {¶ 5} In the present case, Morrow was charged with violating R.C. § 2903.11(A)(2) for knowingly causing or attempting to cause physical harm by means of a deadly weapon, to wit: a motor vehicle. (Doc. #1). Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the state proved the essential elements of this offense beyond a reasonable doubt.
 {¶ 6} The prosecution presented testimony that Morrow drove his truck into Jay Gawlikowski's open car door as Jay was exiting his Camaro. The force of the impact knocked Jay to the ground and resulted in injury. Morrow then backed up and drove toward Jay a second time, striking the Camaro again as Jay rolled out of the way. This version of events is supported by the testimony of Jay Gawlikowski and his son, Joe. (Trial Transcript at 26, 28, 33, 39, 41, 48-49). The foregoing version of events also is consistent with the testimony of Daniel Loney, an accident reconstruction expert, who opined, based on his observations, that Morrow's truck struck the Camaro twice.[1] (Id. at 76-81). Viewed in the light most favorable to the prosecution, the foregoing testimony, if believed, is sufficient to support a finding, beyond a reasonable doubt, that Morrow knowingly caused or attempted to cause physical harm to Jay Gawlikowski by means of a deadly weapon. Although Morrow suggests on appeal that he only intended to hit the Camaro, and not Jay, the jury reasonably found otherwise. Accordingly, we overrule Morrow's first assignment of error.
 {¶ 7} In his second assignment of error, Morrow argues that the trial court erred by failing to instruct the jury on the lesser-included offenses of aggravated assault and negligent assault.[2] Morrow properly presents this argument in the context of plain error, given that his trial attorney never requested instructions on these offenses. Upon review, we find no plain error. An error qualifies as plain error only if it is obvious and but for the error the outcome of the trial clearly would have been otherwise. State v. Yarbrough, 95 Ohio St.3d 227, 245,2002-Ohio-2126.
 {¶ 8} As an initial matter, we must presume, absent any evidence to the contrary, that defense counsel's failure to request a lesser-included offense instruction was a matter of trial strategy. In light of this fact, Morrow cannot successfully assert plain error on appeal. State v. Clayton (1980), 62 Ohio St.2d 45, 47; State v. Harris
(1998), 129 Ohio App.3d 527, 533. In any event, with respect to an aggravated assault instruction, we find no error at all. An instruction on aggravated assault is appropriate when the evidence supports a conviction for felonious assault, but the assault resulted from serious provocation by the victim. State v. Deem (1988), 40 Ohio St.3d 205,210-211. "Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force." Id. at 211. In the present case, we conclude, as a matter of law, that the record contains no evidence of provocation by Jay Gawlikowski reasonably sufficient to incite Morrow into chasing him and attempting to hit him with a motor vehicle. Consequently, Morrow was not entitled to an instruction on aggravated assault, as it was not supported by the evidence.
 {¶ 9} With respect to an instruction on negligent assault, we also find no error by the trial court, much less plain error. Although negligent assault is a lesser included offense of felonious assault, an instruction on a lesser included offense need not always be given. Statev. McCornell (1993), 91 Ohio App.3d 141, 147. "Even though an offense may be statutorily defined as a lesser included offense of another, a charge on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v.Thomas (1988), 40 Ohio St.3d 213 at paragraph two of the syllabus. In the present case, Morrow testified that his brakes "didn't seem to hold as they normally do," and Jay Gawlikowski "jumped right in front of [his] truck." (Trial Transcript at 121-122). This testimony, if believed, would not support a finding of criminal negligence. "A person acts negligently when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that his conduct may cause a certain result or may be of a certain nature. A person is negligent with respect to circumstances when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that such circumstances may exist." R.C. 2901.22(D). At trial, Morrow did not concede criminal negligence on his part. To the contrary, he attributed the collision to his brakes not working properly and to Jay Gawlikowski jumping in front of his truck. Given Morrow's testimony, the evidence presented at trial would not reasonably support both an acquittal on the crime charged and a conviction on the lesser included offense. If the prosecution's evidence was believed, Morrow was guilty of felonious assault. If Morrow's testimony was believed he was not guilty of any crime. As a result, he was not entitled to an instruction on negligent assault. Accordingly, we overrule his second assignment of error.
 {¶ 10} In his third assignment of error, Morrow alleges ineffective assistance of counsel based on his trial attorney's failure to request jury instructions on aggravated assault and negligent assault. Upon review, we find this assignment of error to be without merit. The Ohio Supreme Court has recognized that "[f]ailure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel." State v.Griffie (1996), 74 Ohio St.3d 332, 333. Although the record in the present case reveals that trial counsel did not request instructions on the offenses of aggravated assault or negligent assault, the record fails to disclose why counsel elected not to request those instructions. Without any evidence of trial counsel's reason for not seeking the instructions, we will presume that counsel was motivated by trial strategy. Id. Accordingly, we overrule Morrow's third assignment of error.
 {¶ 11} Based on the reasoning and citation of authority set forth above, the judgment of the Clark County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
WOLFF, P.J., and GRADY, J., concur.
[1] Loney also opined that Morrow had accelerated toward the stopped Camaro, and he found no indication that Morrow had applied his breaks. (Id. at 82, 84-85). In addition, the record contains the testimony of mechanic Timothy Simmons, who examined the brakes on Morrow's truck after the collision. Simmons found nothing wrong with the brakes, and he saw nothing to suggest a brake failure. (Id. at 64-67). This testimony controverted Morrow's argument at trial that his brakes had not operated properly.
[2] In State v. Deem (1988), 40 Ohio St.3d 205, 210, the Ohio Supreme Court held that aggravated assault is not a lesser-included offense of felonious assault. Rather, aggravated assault is an "inferior degree offense," as it contains elements which are identical to the elements defining felonious assault, except for the additional mitigating element of serious provocation. Nevertheless, "in a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation, an instruction on aggravated assault must be given to the jury." Id. at syllabus. Given that a trial court must instruct on an "inferior degree offense" when the evidence supports such a charge, we will proceed with an analysis of Morrow's assignment of error, even though aggravated assault is not, technically speaking, a "lesser-included offense" of felonious assault.