DECISION AND JUDGMENT ENTRY
{¶ 1} Timothy L. Smith appeals his conviction in the Ross County Court of Common Pleas for murder, a violation of R.C. 2903.02. Smith contends that the trial court erred in denying his motion to exclude evidence of his prior acts of biting the victim. Because we find that the evidence tends to prove Smith's intent, the absence of a mistake or accident, and Smith's identity, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} On June 9, 2001, Deborah Sherrick left her two-year old daughter, Clarissa, in Smith's care while she went to work. That afternoon, Smith called 911 to report that Clarissa was having some type of seizure. Emergency medical technicians arrived and transported Clarissa, who was comatose, to the emergency room. Smith told the emergency workers that Clarissa must have fallen off of something in the bathroom.
 {¶ 3} Deputy Rick Torchik interviewed Smith. Smith informed Torchik that he was alone with Clarissa all day at the apartment he shares with Sherrick and Clarissa. He prepared breakfast for Clarissa, they watched television, and then he took her upstairs to potty train. Smith said that he left Clarissa upstairs in the bathroom while he returned downstairs. He heard a thud, ran upstairs, and found Clarissa unresponsive on the bathroom floor.
 {¶ 4} Detective Tony Wheaton conducted an extended, tape-recorded interview with Smith. During the interview, Smith told Wheaton that he had not lost his temper or hurt Clarissa at all over the past few days. Smith admitted that he had physically punished Clarissa on two occasions by spanking her on her bottom, and further volunteered that Clarissa was wearing clothing and a diaper on both occasions.
 {¶ 5} Wheaton searched Smith and Sherrick's apartment. Wheaton measured the bathroom, and noted that the highest object, the toilet tank, stood thirty inches off the floor. Wheaton checked for fingerprints, palm prints and footprints that might indicate that Clarissa climbed onto the bathroom fixtures, but was unable to find any.
 {¶ 6} On July 15, 2002, Clarissa died as a result of her injuries.
 {¶ 7} The Ross County Grand Jury indicted Smith on one count of murder. At trial, three of Clarissa's doctors and the deputy coroner testified that Clarissa died as a result of shaken baby syndrome, and that a fall of three or four feet could not have caused Clarissa's injuries.
 {¶ 8} Additionally, Dr. Franklin Wright, a forensic dentist, testified regarding bite marks on Clarissa's inner thigh and left buttock. Dr. Wright compared the bite marks with indentations from Sherrick and Smith, and concluded within a reasonable degree of medical certainty that Sherrick did not create the bite marks. Dr. Wright further determined, within a reasonable degree of medical certainty, that it is more likely than not that Smith caused the bite marks.
 {¶ 9} The jury found Smith guilty of murder. The trial court sentenced Smith to fifteen years to life. Smith appeals, asserting the following assignment of error: "The trial court erred in denying Defendant's motion in limine to exclude prior acts."
 II. {¶ 10} Smith contends that the trial court erred in permitting Dr. Wright to testify regarding whether he caused the bite marks on Clarissa. Smith contends that the evidence of his "other acts" is not admissible pursuant to Evid.R. 404(B).
 {¶ 11} A trial court has broad discretion in the admission or exclusion of evidence, and so long as such discretion is exercised in line with the rules of procedure and evidence, its judgment will not be reversed absent a clear showing of an abuse of discretion with attendant material prejudice to defendant. Rigby v. Lake Cty. (1991),58 Ohio St.3d 269, 271; State v. Hymore (1967), 9 Ohio St.2d 122, certiorari denied (1968), 390 U.S. 1024. A finding that a trial court abused its discretion implies that the court acted unreasonably, arbitrarily or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 12} Evid.R. 404(B) provides: "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." While evidence of other crimes, wrongs or acts committed by the accused either prior to or subsequent to the crime charged is inadmissible to show that the accused has a propensity to commit crimes, it may be relevant to show motive or intent, the absence of mistake or accident, or a scheme, plan or system in committing the act in question.State v. Broom (1988), 40 Ohio St.3d 277, paragraph one of the syllabus. When other acts evidence is relevant for one of those limited purposes, the court may properly admit it, even though the evidence may show or tend to show the commission of another crime by the accused, unless the evidence is prejudicial to the accused. R.C. 2945.59.
 {¶ 13} Because Evid.R. 404(B) and R.C. 2945.59 create an exception to the common law, the standard for admissibility must be construed against the state. State v. Jamison (1990), 49 Ohio St.3d 182, 184;Broom at 282. The trial court must determine that: (1) the other act is relevant to the crime in question, and (2) evidence of the other act is material to an issue placed in question at trial. State v. McCornell
(1993), 91 Ohio App.3d 141, 146, citing State v. Howard (1978),57 Ohio App.2d 1; State v. Strong (1963), 119 Ohio App. 31. In particular, evidence that a child suffered previous injuries at the hands of a particular person tends to establish that a later injury inflicted by that person was inflicted intentionally. Estelle v. McGuire (1991),502 U.S. 62, 68. Additionally, the court must consider factors such as (1) the time of the other act, State v. Chapman (1959), 111 Ohio App. 441
(evidence of other act committed eight years prior to the time of crime charged inadmissible as being too remote in time); see, also, State v.Henderson (1991), 76 Ohio App.3d 290; Young v. State (1932), 44 Ohio App. 1
(evidence of other act committed three years prior admitted to show scheme and intent); (2) the accused's modus operandi, State v. Coleman
(1988), 37 Ohio St.3d 286; State v. Hill (1992), 64 Ohio St.3d 313; (3) the nature of the other acts committed, and (4) location of other acts,State v. Moorehead (1970), 24 Ohio St.2d 166.
 {¶ 14} Here, the State alleged that Smith caused Clarissa's death in the course of knowingly causing serious physical harm to her. Smith maintained that Clarissa's injuries occurred as the result of an accident, and that the only physical punishments he ever administered to Clarissa were spankings. Evidence that Smith injured Clarissa by biting her is relevant to the crime charged and to issues raised at trial because it tends to show that: Smith intended to harm Clarissa; Smith did not mistakenly or accidentally harm Clarissa; and Smith, not some other person, harmed Clarissa. The type of injury and location of the injury, bite marks on and near the buttocks, undermines Smith's statement to Detective Wheaton that he had only administered physical punishment to Clarissa in the form of spankings, and only when she was wearing clothing and a diaper. Other factors weigh in favor of admissibility as well. Specifically, the other act occurred proximately enough in time with Clarissa's fatal injury that the bruises were still present when she was hospitalized. The violent nature of both acts, biting and shaking a two-year old, suggests a perpetrator who reacted violently to the frustrations of caring for a young child. The location of the bite marks suggests that the biting, like the shaking, may have taken place in the bathroom in the course of potty training. Because the evidence that Smith bit Clarissa is relevant to prove Smith's intent to harm Clarissa, the absence of mistake or accident, and Smith's identity as the person who harmed Clarissa, the trial court could properly allow its admission into evidence.
 {¶ 15} Smith also asserts that the trial court erred in permitting Dr. Wright's testimony because Dr. Wright's testimony does not constitute substantial proof that he bit Clarissa. Dr. Wright testified that that he offered his opinions based upon a reasonable degree of medical certainty. Dr. Wright opined that it is "more likely than not" that Smith caused the bite marks on Clarissa.
 {¶ 16} We will not reverse a trial court's determination that "substantial proof" exists to support a fact as long as the record contains some competent, credible evidence of that fact. State v.Umphries (Jul. 9, 1998), Pickaway App. No. 97CA45, citing C.E. MorrisCo. v. Foley Constr. Co.(1978), 54 Ohio St.2d 279, 280. A medical expert's opinion testimony is only competent if it is held to a reasonable degree of medical certainty or probability. State v. Benner
(1988), 40 Ohio St.3d 301, 313, citing State v. Holt (1969),17 Ohio St.2d 81, syllabus. This degree of reasonable probability simply means "more likely than not." Shumaker v. Oliver B. Cannon Sons,Inc. (1986), 28 Ohio St.3d 367, 369. Thus, Dr. Wright's testimony that it is more likely than not that Smith caused the bite marks on Clarissa constitutes competent, credible evidence that Smith caused the bite marks.
 {¶ 17} Because the record contains some competent, credible evidence that Smith caused the bite marks on Clarissa, and further because evidence that Smith bit Clarissa tends to prove Smith's intent, identity, and absence of mistake or accident in causing Clarissa's fatal injuries, we find that the trial court did not abuse its discretion in permitting the State to introduce Dr. Wright's testimony into evidence. Accordingly, we overrule Smith's sole assignment of error, and we affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. JUDGMENT ENTRY It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
 It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
 If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
 The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
 A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Judgment Only.
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.