FALCK, APPELLANT, *v.* PROOS, APPELLEE.

(No. 82AP-124—Decided September 2, 1982.)

*Messrs. Matan, Rinehart & Smith* and
*Mr. Eugene L. Matan,* for appellant.
*Mr. John C. Nemeth,* for appellee.

STRAUSBAUGH, J. This is an appeal by plaintiff-appellant from the judgment of the Franklin County Court of Common Pleas overruling plaintiff's motion for a new trial.

The action arose when plaintiff filed a complaint alleging that defendant negligently operated his motor vehicle into the bicycle which plaintiff was operating, causing a collision at the intersection of West Eleventh and Neil Avenues in Columbus, Ohio. In his answer, defendant denied that he was negligent in the operation of his motor vehicle, and alleged that plaintiff was guilty of contributory negligence which proximately caused or contributed to cause plaintiff's injuries and damages. Upon trial to a jury, the jury returned a verdict in favor of defendant. Thereafter, plaintiff filed a motion for a new trial which the trial court overruled and from which judgment this appeal is taken.

The record indicates that, on October 26, 1979 between 2:30 p.m. and 3:00 p.m., defendant was operating an automobile south on Neil Avenue towards its intersection with Eleventh Avenue in Columbus, Ohio, on a clear and sunny day. Defendant testified that he observed the traffic control device at the intersection to be a green light in his favor, as well as for oncoming vehicles traveling north on Neil Avenue. Defendant stopped at the intersection to turn left onto Eleventh Avenue with his left turn signal on. Opposite defendant in the center northbound lane of Neil Avenue, immediately south of the intersection of Neil and Eleventh Avenues, was a disabled van with its emergency lights flashing. The driver of the van motioned him to turn with a hand gesture. The two northbound lanes of Neil Avenue, south of the intersection with Eleventh Avenue, consist of a through lane for traffic moving north and a wider lane just east of the through lane, in which cars park and traffic turns left, the right-hand or eastern northbound lane becoming a "right turn only" lane just prior to its intersection with Eleventh Avenue.

Defendant further testified that at that time there did not seem to be any other traffic on Neil Avenue; that he looked at the area of the crosswalk across Eleventh Avenue to make sure it was clear; and that he proceeded to enter the intersection at a speed of approximately five miles per hour.

Plaintiff had been operating a bicycle north on Neil Avenue toward the intersection of Neil and Eleventh. She testified that south of Tenth Avenue she had been traveling in the eastern or right lane that moved into the western or left-hand lane at the intersection of Tenth and Neil, where she remained in the through lane as she approached the Neil and Eleventh Avenue intersection. Plaintiff testified that she observed that the traffic light was green in her favor and was aware that the light was also green for oncoming vehicles; that she saw the disabled van, with its emergency flasher going, ahead of her in her lane of travel; and that she also saw defendant's vehicle already in the intersection, and saw that he was committed to making a left-hand turn. She stated she slowed her speed of travel as she approached to make sure the defendant was stopped, and then began to drive her bicycle around the stalled vehicle on the right, and in the same lane the van occupied and in the same lane in which she had been traveling, never losing sight of the car driven by defendant. She testified that, as she began to move into the intersection, the defendant who was stopped started to turn left, whereupon she slowly and gradually began to put on her brakes assuming he saw her, and turned her bicycle toward the right to avoid colliding with defendant's vehicle.

Defendant testified that, when he

first saw plaintiff, he immediately applied his brakes and that plaintiff hit the right-hand, or passenger side, of his car at a speed of five to ten miles per hour.

Plaintiff's first assignment of error is:

"I. The trial court erred by failing to direct a verdict for plaintiff-appellant on the issues of negligence and contributory negligence."

The record indicates that the *only* evidence before the court was that the defendant was negligent in making his left-hand turn in front of the plaintiff, who had the right-of-way in proceeding north on Neil Avenue at Eleventh Avenue. Furthermore, there is no evidence that plaintiff had in any way forfeited her right-of-way. Defendant argues that he did not rely solely on the van driver's signal before entering the intersection to make his turn. He relies upon his own testimony:

"* * * I observed at that time that there didn't seem to be any other traffic on Neil. I looked over at the crosswalk to make sure it was clear and I proceeded."

It is the duty of defendant not only to look but also to *see* the plaintiff who was obviously there. There is no evidence that plaintiff was not proceeding in her correct lane of travel, and there is no evidence that the plaintiff had in any way violated her right-of-way. The fact that defendant looked, but did not see an object in plain sight, does not absolve defendant from his act of negligence in not observing what was there. Defendant was negligent as a matter of law in failing to yield the right-of-way to plaintiff.

Defendant further argues that for plaintiff to have possessed the right-of-way she would have had to be proceeding in a lawful manner so as not to violate any law, ordinance or common-law duty of ordinary care. Defendant relies on R.C. 4511.55(A), which provides:

"Every person operating a bicycle upon a roadway shall ride as near to the right side of the road way as practicable obeying all traffic rules applicable to

vehicles and exercising due care when passing a standing vehicle * * *."

Defendant argues that, when plaintiff passed the van, a standing vehicle, she passed it in the same lane in which it was standing, and that it would have been impossible for a motor vehicle to pass the stalled van in the same lane in which it was standing. The only evidence that defendant relies upon is his own statement:

"A. I saw him and his van was filled so yes, I reasoned no one could pass him in that lane and that's when he was there.

"* * *

"A. When I went through I thought that the van had it blocked off, and I approaced slowly under five miles per hour, and I thought I was proceeding with due caution."

The burden of proof is upon the defendant to prove plaintiff's negligence. Inasmuch as plaintiff's bicycle undisputably passed in the lane occupied by the van, there is no evidence that a motor vehicle, such as a motorcycle, could not have passed in that same lane. We therefore find that the trial court erred by failing to direct a verdict for plaintiff on the issue of negligence of defendant in the absence of contributory negligence on the part of the plaintiff. Plaintiff's first assignment of error is sustained.

Plaintiff's next three assignments of error are as follows:

"II. The trial court erred by failing to direct a verdict for plaintiff-appellant as to defendant-appellee's negligence and to charge the jury only on the issue of contributory negligence.

"III. The trial court erred by refusing to give a jury instruction on defendant-appellee's continuing duty to yield the right-of-way to a favored vehicle.

"IV. The trial court erred in its charge by tendering prejudicially incomplete and confusing jury instructions."

Plaintiff's second assignment of error is implicitly contained in plaintiff's first

assignment of error and is therefore also sustained.

Because of our ruling upon plaintiff's first two assignments of error, plaintiff's third and fourth assignments of error are moot and are therefore overruled.

For the foregoing reasons contained in our ruling upon the first assignment of error, the judgment of the trial court is reversed and the cause is remanded to the trial court upon the issue of damages.

*Judgment reversed and
cause remanded.*

REILLY and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.