[Cite as *Penrod v. Mineral Trucking*, 2015-Ohio-3493.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

SHANNON PENROD

     Plaintiff-Appellant

-vs-

MINERAL TRUCKING, ET AL.

     Defendants-Appellees

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case No. 2014 AP 10 0044

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2013 CT 12 0898 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 25, 2015 |

APPEARANCES:

For Defendants-Appellees

For Plaintiff-Appellant

MARK F. FISCHER
JAMES A. DESMITH
Fischer, Evans & Robbins, Ltd.
3521 Whipple Avenue NW
Canton, Ohio 44718

STEVEN J. BRIAN
ABIGAIL I. MARCHISIO
81 Maplecrest Street SW
North Canton, Ohio 44720

*Hoffman, P.J.*

{¶1} Plaintiff-appellant Shannon Penrod appeals the September 23, 2014 Judgment Entry entered by the Tuscarawas County Court of Common Pleas granting summary judgment in favor of Defendants-appellees Mineral Trucking, Inc. and Steven S. Ramsier.

STATEMENT OF THE FACTS AND THE CASE

{¶2} On February 10, 2010, Appellant Shannon Penrod was operating her vehicle on County Highway 21, in York Township, Tuscarawas County, Ohio. County Highway 21 is a two-lane roadway with one lane northbound and one lane southbound. At the time of the incident, a snow storm caused the road conditions to be icy. The wind was blowing and it was snowing.

{¶3} Appellant alleges a deer ran into the roadway hitting her car, causing a flat tire. Appellant then pulled her car to the side of the road. The incident occurred at approximately 6:30 a.m., and was dark outside.

{¶4} Appellant recalls exiting her vehicle upon seeing headlights from an oncoming vehicle. According to Appellant, she was holding her cell phone and waiving her arms for the oncoming vehicle to stop and help her. Appellant avers she remained near her car on the side of the road. Appellant recalls nothing further about the accident, other than waking up in the hospital three days later.

{¶5} On the date of the accident, Appellee Steven Ramsier was hauling a full load of coal on County Road 21. Ramsier was traveling between 30 and 35 miles per hour. The speed limit on the roadway was 55 miles per hour. Ramsier crested a hill and noticed headlights facing him on the opposite side of the road. Ramsier testified he

then noticed Appellant in the middle of the roadway, coming towards his truck. Ramsier did not see Appellant until she appeared from a grove of trees waiving her arms about ten to fifteen yards in front of his truck.

{¶6} Ramsier applied his brakes and noticed the trailer began to swing around the cab due to the slippery conditions. In order to straighten the trailer, Ramsier let off the brakes. Ramsier avers Appellant did not move from the middle of the road and she was too close for him to stop, so he tried to pass around her. Ramsier observed in his side mirror the trailer pass Appellant at which time Appellant spun around and fell to the ground.

{¶7} On December 16, 2013, Appellant filed a complaint for personal injuries against Appellees.[1] Appellees filed an answer to the complaint. On January 15, 2014, State Farm Mutual Automobile Insurance Company filed a Motion to Intervene. The trial court granted the motion. With leave of Court, State Farm filed an Intervening Complaint against Appellees alleging an interest in the action as the Insurrer of Appellant. Appellant alleges she was struck and injured as a direct and proximate result of Ramsier's negligence in that he was traveling at an unsafe speed for the conditions, failed to keep a proper lookout, failed to maintain an assured clear distance, and failed to yield the right of way to a pedestrian. Appellant further claims Ramsier was operating within the course and scope of his employment for Appellee Mineral Trucking, Inc.

{¶8} On August 20, 2014, Appellees Mineral Trucking, Inc. and Steven S. Ramsier filed a motion for summary judgment.

---

[1] Appellant voluntarily dismissed a previously filed complaint on December 20, 2012. State Farm Automobile Insurance Company voluntarily dismissed a previously filed complaint on December 19, 2012. The trial court entered a Judgment Entry confirming the dismissal without prejudice of all claims on December 26, 2012.

{¶9}   On September 5, 2014, Appellant filed a memorandum in opposition to the motion for summary judgment. On September 10, 2014, State Farm filed a brief in opposition to the motion for summary judgment.

{¶10} On September 17, 2014, Appellees filed a reply brief in support of their motion for summary judgment.

{¶11} Via Judgment Entry of September 23, 2014, the trial court granted summary judgment in favor of Appellees Steven Ramsier and Mineral Trucking, Inc. and dismissed the complaints filed by Appellant and State Farm.

{¶12} Appellant Shannon Penrod appeals, assigning as error:

{¶13} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE.  (JUDGMENT ENTRY ATTACHED HERETO AS EXHIBIT A, PURSUANT TO LOCAL RULE 9(A)(1)(A)).  SUMMARY JUDGMENT IS APPROPRIATE ONLY WHERE NO GENUINE ISSUES OF MATERIAL FACT EXIST SUCH THAT REASONABLE MINDS COULD COME TO BUT ONE CONCLUSION.  IN THE INSTANT ACTION, GENUINE ISSUES OF MATERIAL FACT EXIST THAT WARRANT TRIAL BY JURY AS REASONABLE MINDS MAY REACH ALTERNATE CONCLUSIONS."

{¶14} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

{¶15} Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 364 N.E.2d 267.

{¶16} It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265. The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293, 662 N.E.2d 264: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing

there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 309 N.E.2d 924.

{¶17} Appellant maintains there remains a genuine issue of material fact as to whether a perilous situation existed, which would necessitate Appellee to exercise a heightened standard of care.

{¶18} Appellant cites as support *Williams v. Putnam Transfer & Storage*, Eighth Dist. No. 64659, 1994WL30425, in which the Eighth District held,

> In addition, case law imposes a higher standard of care on operators of motor vehicles when (1) a child pedestrian is involved; (2) children may reasonably be expected to be in the vicinity; or (3) the driver becomes aware of a perilous situation. *See Sargent v. United Transportation Co.* (1978), 56 Ohio App.2d 159; *James v. Franks* (1968), 15 Ohio App.2d 215; *Falck v. Proos* (1982), 8 Ohio App.3d 22; *Bell, supra; Hubner, supra.*

{¶19} It is undisputed Appellant was thirty-seven years old at the time of the accident; thus, not of tender years.  Further, it is uncontroverted Appellant did not have her flashers or emergency lights on at the time of the incident. There were no conditions present, prior to Ramsier seeing Appellant on the roadway to put Ramsier on notice of Appellant's presence.  Why the weather and road conditions may have presented a perilous situation, for the reasons discussed infra, we find Appellant has not demonstrated Ramsier violated even a heightened duty of care.

{¶20} Appellant further maintains the totality of the circumstances creates a genuine issue of material fact as to whether Appellee Ramsier was negligent.

{¶21} The undisputed evidence demonstrates Appellant exited her car and attempted to wave down Appellee Ramsier.  Ramsier did not have an obligation to look for pedestrians in his path.  *Deming v. Osinki* 24 Ohio St2d. 179, 265 N.E.2d 554 (1970).  We find Appellant's assertion there is a genuine issue of fact as to where she was at the time of the alleged contact with Ramsier's truck is belied by the evidence. Appellant's assertion she was beside her car is unreasonable because her car was off the **opposite** side of the roadway.  There is no evidence Ramsier ever left his side of the roadway, let alone crossed over and left the opposite side of the roadway where Appellant asserts she was standing near her car.  Pursuant to R.C. 4511.50, Appellant had a duty to walk on the shoulder of the highway and stay as near to the outer edge as possible, and to yield the right of way to all other vehicles.  There is no evidence Ramsier violated any traffic regulations, or failed to yield the right of way to Appellant. The evidence supports the conclusion that Appellant had improperly entered upon the highway.

{¶22} Viewing the evidence in a light most favorable to Appellant, we find there are no genuine issues of material fact, and reasonable minds could come to but one conclusion in favor of Appellees. Accordingly, we do not find the trial court erred in granting summary judgment in favor of Appellees Ramsier and Mineral Trucking, Inc.

{¶23} The September 23, 2014 Judgment Entry entered by the Tuscarawas County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Wise, J. concur